# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KENT CHRISTOFFERSON, CHRISTOPHER LANDERS, MICHAEL LENOWSKY and LOIS OLDHAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD EVANS, SECRETARY OF UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendant. | Case No. 01-495C<br><br>Judge Eric G. Bruggink<br><br>**PROPOSED SECOND AMENDED COMPLAINT FOR WAGES, OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT, THE BACK PAY ACT AND OPM STATUTES AND REGULATIONS** |

## **Nature of the Action**

1. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, explicitly and plainly mandates that employees who work more than forty (40) hours per week are entitled to overtime pay, at one and a half times their regular rate of pay. Nonetheless, the Bureau of the Census (the "Bureau"), a division of the United States Department of Commerce, has made a conscious decision to ignore this long-standing statutory mandate. The Bureau has also violated Office of Personnel Management (OPM) regulations which mandate payment of wages to federal employees at their regular rate of pay for all hours they work up to 40 hours per week.

2. The decennial census is indisputably essential to this nation's democratic system of government. During the often hurried and hectic process of collecting data for the 2000 census, the Bureau required hundreds, of thousands of temporary employees to work extensive overtime hours in the rush to complete the Year 2000 census on time. These census workers performed

the legwork that is critical to achieving an accurate census by going door-to-door, sometimes under dangerous or unsafe conditions, conducting detailed and intensive interviews in isolated locations, and completing copious paperwork during and after normal duty hours. Census workers regularly worked after 5 p.m. and on weekends, during times when people would be home. In spite of these employees' hard work and dedication to this task, the Bureau refused to provide adequate overtime pay, as required by law, and in some cases, also failed to pay employees for all of their hours up to 40 hours per week.

3. The plaintiffs, KENT CHRISTOFFERSON, CHRISTOPHER LANDERS, MICHAEL LENOWSKY and LOIS OLDHAM, were employed by the U.S. Department of Commerce, Bureau of the Census, in various positions, including but not limited to the jobs of enumerators, assistant crew leaders, crew leaders and field operations supervisors. Additional persons who may join this action as opt-in consenters are similarly situated in that they were also employed by the Bureau in non-exempt positions, or in the same or similar positions as named plaintiffs, and have been subject to the same policies and practices described herein in violation of the FLSA.

4. This action, therefore, is brought by plaintiffs on behalf of themselves and all others similarly situated, who were employed by the Bureau in various positions during the time period between January 1, 2000 and November 1, 2000 in the States of California, Arizona, Illinois, Georgia, New York and other states. This action is brought pursuant to Rule 23 of the Rules of the Court of Federal Claims ("RCFC"), and seeks monetary damages in the form of back pay for unpaid regular time and overtime wages, liquidated damages, attorneys' fees and costs, and such further relief as may be necessary to remedy these past violations of the FLSA and OPM regulations regarding federal employee pay.

//

**Parties**

5. Plaintiff KENT CHRISTOFFERSON was employed by the Bureau from February 1999 until July 20, 2000, and held the title of crew leader, a non-exempt position, and a field operations supervisor, a position which was labeled exempt. Plaintiff worked in the Tucson, Arizona, local office of the Census during this entire period. As a crew leader, plaintiff was in charge of a crew of twenty to twenty-five (20-25) enumerators. Plaintiff's duties were to supervise and train enumerators and assistant crew leaders and to directly monitor their field activities. Plaintiff also conducted quality control of his crews' work and conducted daily briefings and meetings with crew members.

6. Plaintiff CHRISTOFFERSON worked regularly in excess of eight hours a day and/or forty hours per week. Plaintiff was informed that he should "carry over" his hours until the end of the week, month or project. Plaintiff estimates that he worked an average of fifty hours of overtime per month. Without interest and penalties, plaintiff believes that his outstanding overtime amounts to over $4,000.00. Despite all of the overtime worked, plaintiff has not been paid any overtime wages whatsoever. Plaintiff filed a written consent to become a party in this action simultaneously with the original Complaint in this action and a copy of the consent was attached to the original Complaint in this action as Exhibit A.

7. Plaintiff CHRISTOFFERSON also worked as a field operations supervisor where he regularly worked in excess of eight hours a day and 40 hours a week. As a field operations supervisor who was paid on an hourly basis, plaintiff supervised crew leaders.

8. Field operations supervisors were called exempt but plaintiff CHRISTOFFERSON did not meet the requirements of an exempt employee under the FLSA. He was not paid overtime as a field operations supervisor.

9. Plaintiff CHRISTOPHER LANDERS was employed by the Bureau from March 2000 to June 1, 2000 and held the job titles of enumerator, assistant crew leader and crew leader. Plaintiff worked in Richmond, California, during this entire period. Plaintiff's duties as a crew leader were to supervise and train enumerators and assistant crew leaders and to directly monitor their field activities in meeting the deadlines of completing Census 2000. Plaintiff also conducted quality control of his crews' work and conducted daily briefings and meetings with crew members to monitor their work.

10. Plaintiff LANDERS worked regularly in excess of eight hours a day and/or forty hours per week. Plaintiff was informed that he should "carry over" his overtime hours until the end of the week and/or month. Plaintiff estimates that he worked an average of 40 to 60 hours of overtime per month. Without interest and penalties, plaintiff believes that his outstanding overtime amounts to over $3,500.00. Despite all of the overtime worked, plaintiff has not been paid his full overtime wages and/or premium pay. Plaintiff filed a written consent to become a party in this action attached as Exhibit A to the original Complaint in this action.

11. The above-named plaintiffs are referred to collectively herein as the "named plaintiffs." The named plaintiffs collectively represent a class of non-exempt and exempt hourly census workers from throughout the country. The additional persons who may join this action as consenters are similarly situated to the named plaintiffs and one another in that they were employed by the Bureau during the time period of January 1, 2000 to November 1, 2000 as non-exempt or exempt hourly employees for the specific purpose of assisting on a temporary basis with the 2000 census, and were subject to the same policies and practices that resulted in the denial of overtime and/or regular time pay in violation of the FLSA and OPM regulations regarding federal employee pay.

12. Plaintiff MICHAEL LENOWSKY was a crew leader working for the Bureau of the Census in Brooklyn, New York, from May 2000 through July 2000. Plaintiff regularly worked over fifty hours a week with the knowledge and encouragement of his supervisor.

13. When he asked about overtime pay, plaintiff LENOWSKY was told that he could only submit time sheets showing a maximum forty hours a week. His supervisor informed him that he too was working more than forty hours, but was not being paid for this extra time. Plaintiff estimates that the overtime and/or premium pay he was owed as of the time of his termination was between $2,000.00 and $4,000.00.

14. Plaintiff LOIS OLDHAM worked as a full-time enumerator for the Bureau from April 2000 to August 2000 in Decatur, Illinois. OLDHAM was consistently assigned more work than was possible to complete within an eight hour day and/or forty hour week.

15. Although she consistently worked over fifty hours a week, plaintiff OLDHAM was not allowed to submit time sheets in excess of forty hours a week. Her supervisors instructed her to “carry over” her hours to the following week. Plaintiff was led to believe that her extra hours would be compensated by the end of the census process, but she was not subsequently allowed to submit any of her overtime hours. Consequently, plaintiff was denied payment of any overtime and/or premium pay through August 2000.

16. Significant numbers of similarly situated consenters, all of whom were non-exempt workers who were denied overtime wages and/or premium pay or who were misclassified as exempt supervisors but who were paid hourly, worked in cities across the United States. In addition to the named plaintiffs who reside, respectively, in the states of Arizona, California, New York, and Illinois, the following 19 consenters, all of whom worked in five different states, have filed opt-ins to join this class action.

17. The names of the 19 consenters are set forth below; their opt-in forms were attached to the original Complaint in this action as Exhibit B.

| | |
|---|---|
| a. Alice Barnes | Far Rockaway, New York |
| b. Ann C. Bates | Decatur, Illinois |
| c. Sue Berner | Decatur, Illinois |
| d. Donald Dobyns | Pleasant Hill, California |
| e. Emma Flowers | Atlanta, Georgia |
| f. Bev Fosbinder | Hanover Park, Illinois |
| g. Earl M. Gray | Decatur, Illinois |
| h. Ruth Kyle | Chicago, Illinois |
| i. Sheila Lawton | Decatur, Illinois |
| j. Doris Lum | Richmond, California |
| k. Tyrone Oldham | Decatur, Illinois |
| l. Nance Rogers | San Pablo, California |
| m. Maria P. Rubenstein | San Pablo, California |
| n. Charles Skibbens | Decatur, Illinois |
| o. Nitima Stirarat | Chicago, Illinois |
| p. Bryan Williams | Chicago, Illinois |
| q. Lavetta Williams | Chicago, Illinois |
| r. Erica Wright | New York, New York |
| s. James Zar-Hall | Oak Forest, Illinois |

18. As additional similarly situated persons consented to become plaintiffs in this action, their written consents were filed with this Court.

19. The records concerning the identities of all potential plaintiffs and opt-in consenters, the number of excess hours worked by each plaintiff and opt-in consenters and the compensation they received are in the exclusive possession and control of defendant Bureau. Therefore, plaintiffs are unable to state at this time the exact amount owing to each of them. Plaintiffs propose to obtain such information and revise these approximations by appropriate discovery proceedings to be taken in this case.

20. All of the named plaintiffs and potential consenters are proper plaintiffs pursuant to the provisions of the FLSA, 29 U.S.C. § 216(b), which includes as covered employees any individuals employed by the government of the United States in any executive agency. 29 U.S.C. § 203(e)(2)(A)(ii).

21. Defendant Bureau of the Census is a division within the U.S. Department of Commerce, and was the employer of plaintiffs herein during all times relevant to the claims presented in this action. Defendant Bureau has its principal office in Washington, D.C., and has local offices throughout the United States. The Bureau is a proper defendant pursuant to the provisions of the FLSA, 29 U.S.C. § 216(b), as amended in 1974 to include the government of the United States as a public agency employer subject to the coverage of the Act. 29 U.S.C. § 203 (d). As such, Congress has waived the federal government's sovereign immunity from suit under the FLSA for unpaid wages and liquidated damages. 29 U.S.C. § 203(e)(4)(x), § 216(b). Additionally, at all relevant times herein, defendant Bureau has been an enterprise engaged in commerce or in the production of good for commerce, by engaging in the activities of a public agency, within the meaning of the FLSA, 29 U.S.C. § 203(e)(4)(s)(1)(C), § 203(e)(4)(x). The Bureau is also a proper defendant in this action for back pay pursuant to the Back Pay Act and OPM regulations concerning federal employee pay.

**Jurisdiction**

22. Jurisdiction of this action is conferred upon the Court of Federal Claims by section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b); 28 U.S.C. § 1491; the Back Pay Act, 5 U.S.C. § 5596; and various statutes and regulations regarding federal employees' pay.

**Statutory and Regulatory Structure**

23. The FLSA and related regulations mandate that all employees engaged in commerce be paid on the basis of an eight-hour day and a 40-hour workweek. 29 U.S.C. § 207(a)(1) (mandating overtime for "workweek longer than forty hours"); 5 C.F.R. § 551.501(a) (mandating overtime for "all hours of work in excess of 8 in a day or 40 in a workweek"). Overtime is defined as "a rate not less than one and one-half times the regular rate" of pay. *Id.* The FLSA mandates that only persons employed in bona fide administrative or executive capacities on a salary or fee basis are exempt from federal overtime provisions. 29 U.S.C. §§ 207, 213(a) (1).

24. The Back Pay Act provides that a federal employee is entitled to back pay if a court or other authority determines that the employee was wrongfully denied pay based on "an unjustified or unwarranted personnel action," i.e., "an act of commission or an act of omission (i.e., failure to take an action or confer a benefit) that an appropriate authority subsequently determines, on the basis of substantive or procedural defects, to have been unjustified or unwarranted under applicable law, Executive order, rule, regulation, or mandatory personnel policy established by an agency."

25. Office of Personnel Management regulations at Title 5 of the Code of Federal Regulations, Parts 530, 531, 532, 534, 536, 550 and 551 mandate the rates of pay for federal employees at various occupations, levels, grades and employment status, and under various circumstances.

**Factual Allegations**

25. During the time period of January 1, 2000 to November 1, 2000, defendant Bureau required or permitted plaintiffs to work in excess of forty hours per week on numerous occasions without paying plaintiffs overtime compensation as required by the FLSA and/or related regulations. Plaintiffs, who served the Bureau as “Field Census Employees,” including but not limited to enumerators, assistant crew leaders, crew leaders and field operations supervisors, often worked up to ten to twenty-five (10-25) hours of overtime work per week for weeks on end without a single hour being compensated as overtime. Plaintiffs frequently and repeatedly worked such excess hours under instructions from their supervisors not to record their overtime hours on daily time sheets, being told instead that they would be paid at a later time. In fact, plaintiffs were never paid for the overtime hours they worked. Plaintiffs also worked many hours of work amounting to 40 or fewer hours per week without being paid for all of those hours at their regular rate.

26. Indeed, it was generally impossible for plaintiffs during this time period to perform all of their required tasks within the limits of a forty-hour workweek. The responsibilities inherent in the job – e.g. contacting people during off hours, conducting detailed interviews with survey subjects, traveling extensive distances, rushing to meet deadlines, completing copious and detailed paperwork -- made adherence to a 40-hour workweek difficult and frequently impossible. Bureau supervisors therefore assigned tasks and duties to census workers fully cognizant that such tasks and duties could not responsibly be performed within a 40-hour workweek.

27. On some occasions the supervisors’ demands for overtime work from their employees was overt. Supervisors demanded that employees accomplish tasks in “whatever”

time it took. At other times the Bureau's manipulations took a more pernicious form, whereby employees were told to do an amount of work that could not reasonably be accomplished in an eight hour day or forty hour week, but were told that their timesheets should reflect no more than eight hours per day and no more than forty hours per week. Similarly, employees were often given goals by supervisors that would have been impossible to meet without working extra hours. In some instances, workers were told to "bank" their extra hours to give the false appearance in their records that no overtime had been worked. Later, when the pay periods ended, workers were told they had to forfeit any overtime hours to be entitled to their regular pay for forty hours. These pernicious methods of forcing unpaid overtime were used frequently during the time period relevant to this suit.

28. Additionally, all of these activities had to be performed in accordance with the Bureau's necessarily high standards of competence and thoroughness, in order to meet the United States Government's goal of achieving a reliable and accurate census. If census workers failed to perform these tasks effectively and in a timely fashion, the potential detrimental consequences to the interests of the United States would have been substantial, especially given the importance of the census to issues such as redistricting and federal benefits.

29. Management encouraged competition among different units of the Bureau by rewarding those administrative units with recognition or other forms of consideration for completing their assignments earlier than projected or with fewer staff and resources. This competition was encouraged by regularly publicizing and lauding the speed and accuracy of particular Bureau census units. In this way and others, management encouraged and manipulated their field units to compete against one another for producing the most results with the most minimal staffing and resources.

30. During the time period of January 1, 2000 to November 1, 2000, defendant Bureau willfully and in bad faith failed and refused to pay plaintiffs one and one-half their regular rate of pay for hours worked in excess of forty hours per week, in violation of the FLSA, 29 U.S.C. § 207(a) and the regulations of the Department of Labor and the Office of Personnel Management promulgated thereunder. 5 C.F.R. § 551.501(a). Despite the clarity of the statutory command and clear evidence that census workers were expected to work substantial overtime, the Bureau made a conscious decision to ignore the statutory and regulatory requirement that employees be compensated for all hours worked in excess of 40 hours per week.

31. During the time period of January 1, 2000 to November 1, 2000, defendant Bureau willfully and in bad faith mis-classified field operations supervisors as exempt employees, hence not eligible for overtime, even though field operations supervisors were paid on a hourly basis and did not meet the requirements to be classified as exempt employees, in violation of the FLSA, 29 U.S.C. § 213(a).

32. During the time period of January 1, 2000 to November 1, 2000, defendant Bureau willfully and in bad faith failed to pay some field employees, most commonly Enumerators, for all of their hours under 40 hours per week. Some field employees who were denied such pay were told that they could only claim a certain amount of time on their time sheets for each completed Census questionnaire form their turned in, without regard to how long they worked to complete the forms. Others were told that they were supposed to be part-time employees and therefore could not record 40 hours of work per week, even if they worked 40 or more hours during the week. Still others were told that they could record on their time sheets only the time they were actually out in the field going door to door, and not time spent meeting with their supervisor or time they worked at home reviewing their forms or completing the forms

through phone calls with residents. Some employees were given no explanation, but simply told that their hours had been cut, or told to record a number of hours that was lower than their actual work hours. Employees who complained about such unjustified cuts in their hours were fired or not given any more work. Those who wanted to continue working were forced to go along with this illegal practice.

**Class Action Allegations**

33. Plaintiff brings this class action pursuant to RCFC 23, with a previously filed Motion for Class Certification, on behalf of a class defined as:

34. All persons employed in Census field positions, including but not limited to enumerators, assistant crew leaders, crew leaders, and field operations supervisors, by the Bureau of the Census at any time during the period between January 1, 2000 to November 1, 2000 in the States of California, Arizona, Illinois, Georgia, New York and other states.

35. The class of plaintiffs is numerous and therefore joinder of all members is impracticable. The total number of employees subjected to the Bureau's policy and practice of denying overtime pay as alleged herein is approximately 400,000. Upon information and belief, the number of class members will exceed 7,000 individuals.

36. The class of plaintiffs is manageable. All of the plaintiffs have worked for a common employer in comparable positions during a finite period of time, and the Bureau maintains records that clearly and easily identify all class members. All of the plaintiffs had common duties and goals.

37. There are questions of fact and law that are common to the entire class. Such common questions include, but are not limited to, the following:

a. Whether the Bureau has violated federal law by refusing, as a matter of

policy, pattern or practice, to compensate plaintiffs for hours worked in excess of forty (40) hours per week.

b. Whether the Bureau, as a matter of policy, pattern or practice, expected, encouraged, or induced its census workers to work hours in excess of forty (40) hours per week;

c. Whether the Bureau, as a matter of policy, pattern or practice, mis-classified its hourly employees as exempt and thus ineligible for overtime;

d. Whether the Bureau is liable to plaintiffs for all overtime hours worked.

e. Whether the Bureau wilfully failed to comply with the FLSA;

f. Whether the Bureau, as a matter of policy, pattern or practice, has violated federal law by failing and refusing to pay plaintiffs for all of their hours up to 40 hours per week at their regular hourly rates;

g. Whether the Bureau is liable to plaintiffs for failure to pay them wages at regular hourly rates for hours of work up to 40 hours per week;

38. The common issues of law in this case predominate over separate factual issues affecting individual members.

39. The named plaintiffs' claims are typical of the claims of the class. The named plaintiffs have no interests antagonistic to the claims of the class and will represent the class without conflicts of interest.

40. The named plaintiffs will fairly and adequately protect the interests of the class. The named plaintiffs are committed to the vigorous representation of the class and have retained highly competent counsel experienced in the prosecution of complex class action cases.

41. Defendant has acted on grounds generally applicable to the class, thereby justifying relief for the class as a whole.

42. Because of the nature of the claims asserted by the plaintiff class, involving violations in the administration of statutorily mandated compensation procedures equally and commonly applicable to all members of the class, no individual class member has an interest in individually controlling the prosecution of his or her claim.

43. The claims of many class members are so small – in the hundreds or few thousands of dollars -- that they are not otherwise likely to be pursued. In addition, many individuals with valid claims, especially those who continue to work or who seek to work for the U.S. Government, would be disinclined to pursue an action on an individual basis, even though statutorily entitled to a claim, for fear of retaliation, negative career repercussions, or other stigma, prejudice or bias associated with pursuit of a legal action against an employer, as a result of pursuing such an action against the Bureau.

44. Given the statutory and regulatory structure that governs entitlement to overtime pay for plaintiffs, the prosecution of separate actions by individual members of the class would create the possibility of inconsistent adjudications, which would establish incompatible standards of conduct for defendant with respect to its obligation to compensate employees fairly and consistently for overtime hours worked under the statutes and regulations.

45. For all the above stated reasons, the certification of this case as a class action would serve the interests of justice.

**First Cause of Action**

**Violation of Fair Labor Standards Act (29 U.S.C. § 216(b))**

46. Plaintiffs incorporate herein by reference the allegations of the Complaint set forth in Paragraphs 1 through 45 above.

47. Defendant Bureau is an "employer" for the purposes of FLSA, and is thereby subject

to the requirements set forth therein and in regulations promulgated pursuant to the Act. 29 U.S.C. § 203(d), §(4)(s)(1)(C), & § 203(e)(4)(x).

48. Plaintiffs were employees of an Executive agency, and therefore were employees for purposes of the Act. 29 U.S.C. § 216(b) & § 203(e)(2)(A)(ii).

49. The FLSA provides that hours of work suffered or permitted in excess of 40 hours in an administrative workweek performed by an employee are overtime work. 29 U.S.C. § 207(a)(1); 5 C.F.R. § 551.501(a).

50. It has been the policy, pattern or practice of the Bureau that its enumerators, assistant crew leaders, crew leaders, administrators, and supervisors were expected to work, and did work, in substantial excess of forty (40) hours per week at all times relevant herein.

51. Field operations supervisors were engaged in work in substantial excess of forty (40) hours per week. Field operations supervisors were hourly employees who were improperly classified as exempt and hence ineligible for overtime.

52. Supervisory personnel, above the level of field operations supervisors, with authority to approve overtime actively encouraged or induced the implementation of this policy, and had actual knowledge that plaintiffs were engaged in such work in substantial excess of forty (40) hours per week and have approved of such efforts.

53. As a result of this policy, pattern or practice, and the demands of their jobs, plaintiffs have performed the principal activities of their positions in excess of 40 hours per week.

54. Accordingly, because defendant expected, encouraged, or induced plaintiffs to work substantial amounts of overtime, had knowledge that plaintiffs worked substantial amounts of overtime and purposely classified non-exempt employees as exempt employees, it has acted wilfully, and without a good faith, reasonable belief that it was complying with the requirements

of the FLSA.

55. Plaintiffs, therefore, are entitled to receive overtime pay for all hours of work in excess of 40 per week during the time period relevant to this action.

56. Plaintiffs have not received full compensation for the vast majority of overtime worked.

57. As a result, plaintiffs have been damaged financially by the Bureau's refusal to provide overtime compensation for each hour of overtime actually worked and the failure to accurate classify it employees as non-exempt, the exact amount of damages to be determined at trial.

**Second Cause of Action**

**Violation of Back Pay Act and Federal Employees Pay Regulations**

58. Plaintiffs incorporate herein by reference the allegations of the Complaint set forth in Paragraphs 1 through 57 above.

59. Defendant Bureau is subject to the requirements of Office of Personnel Management regulations concerning federal employee pay.

60. Plaintiffs were federal employees who were covered by the Office of Personnel Management regulations concerning federal employee pay.

61. It has been the policy, pattern or practice of the Bureau that its field employees such as plaintiffs were expected to work, and did work, up to or in excess of forty (40) hours per week at all times relevant herein. However, in many cases, plaintiffs were not paid at their regular rate for each hour of work up to 40 hours per week.

62. Supervisory personnel, at and above the level of assistant crew leader, had actual or constructive knowledge that plaintiffs were not being paid at their regular rate for all hours of

work up to 40 hours per week.

63. As a result of this policy, pattern or practice, and the demands of their jobs, many plaintiffs have not received full compensation for all their hours of work up to 40 hours per week.

64. As a result, eligible plaintiffs have been damaged financially by the Bureau's refusal to pay them at their regular rate for each hour up to 40 hours per week actually worked, the exact amount of damages to be determined at trial.

65. If and when this Court finds that the Bureau improperly denied some plaintiffs pay at their regular hourly rate for all hours of work up to 40 hours of work, those plaintiffs will be entitled to an award of back pay under the Back Pay Act.

**Prayer For Relief**

Wherefore, plaintiffs, by their counsel, respectfully request that this Court:

(a) Certify this action as a class action pursuant to Rule 23 of the Rules of the Court of Federal Claims, certify plaintiffs as the class representatives, and approve the undersigned attorneys as attorneys for the class;

(b) Enter a declaratory judgment declaring that the defendant has acted willfully, and without a good faith, reasonable belief that it was complying with its statutory obligations under the FLSA, in depriving plaintiffs of their rights, protections and entitlements under the FLSA, as alleged herein;

(c) Award damages for uncompensated overtime in an amount to be proven at trial;

(d) Award liquidated damages in an amount equal to the sum of all uncompensated overtime;

(e) Award those plaintiffs who were improperly denied pay for hours of work up to 40 hours per week, pay at their regular rate of pay;

(f) Award prejudgment and post-judgment interest;

(g) Award plaintiffs reasonable attorneys' fees, costs and expenses;

(h) Enjoin defendant to cease the unlawful policies and procedures which gave rise to this action; and

(i) Award such other equitable and legal relief as the Court deems just.

DATED: February 9, 2007

Respectfully submitted,

MINAMI TAMAKI LLP

_______________________________

JACK W. LEE
360 Post St. 8th Floor
San Francisco, CA 94108-4903
Telephone: (415) 788-9000
Fax: (415) 398-3887

Attorneys for Plaintiffs