# EXHIBIT 4

MINAMI TAMAKI LLP
Attorneys at Law

Jack W. Lee
Partner
Phone: 415/788-9000 X 130
Email: jlee@MinamiTamaki.com

June 11, 2007

Via Electronic Mail and U.S. Mail
Steven J. Gillingham, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
2nd Floor, Todd Building
Washington D.C. 20005

RE: *Christofferson v. United States*, U.S. Court of Federal Claims No.01-495C

Dear Steven:

This letter responds to your May 25, 2007, letter in regards to the database we provided you pursuant to our Memorandum of Understanding (MOU). In your letter, you say that defendant expected to receive, but did not receive, copies of plaintiffs' responses to the parties' August 2006 questionnaires and the "verbatim transcripts of the responses to the questionnaires, minus only privileged communications."

In plaintiffs' view, defendant had no basis to expect to receive any more than the information included in the database provided to defendant, for the following reasons: (1) defendant's expectation is inconsistent with the MOU; (2) plaintiffs' responses to the questionnaire and their discussions with plaintiffs' counsel about the same are privileged and confidential attorney-client communications; and (3) documents concerning plaintiffs' responses to the questionnaire and their discussions with plaintiffs' counsel about the same are privileged as attorney work product.

Inconsistent with the MOU: Defendant's expectation that it would receive copies of responding plaintiffs' actual responses to the questionnaire is inconsistent with the February 2005 MOU between the parties. Paragraph 7 of the MOU provides that the questionnaires were to be returned to plaintiffs' counsel for processing and that plaintiffs' counsel would compile a database from the questionnaire responses and provide the database to defendant. The MOU says nothing about defendant receiving copies of plaintiff's actual responses to the

questionnaires or transcripts of plaintiffs' discussions with their counsel about their responses to the questionnaire.

In fact, if defendant was to receive copies of all plaintiffs' responses to the questionnaire, and a verbatim transcript of discussions with plaintiffs' counsel about the same – paragraph 7 would make no sense at all. Providing defendant with a database containing the relevant information in plaintiffs' questionnaires would have been superfluous and unnecessary if defendant was to receive copies of all responses to the questionnaires. Finally, paragraph 7 also took care to preserve both attorney-client and attorney work product privileges by expressly providing that communications between plaintiffs and the third party administrator would not waive those privileges.

Attorney-Client Privilege: Defendant's expectation that it would receive plaintiffs' actual responses to the questionnaire and verbatim transcripts of plaintiffs' communications with counsel is also directly at odds with the attorney-client privilege, which applies to those communications. *Pacific Gas & Elec. Co. v. United States*, 69 Fed. Cl. 784, 810 (2006). Defendant should not be surprised that plaintiffs' questionnaire responses and their communications with their counsel about the same are privileged attorney-client communications. After all, defendant knew and did not object that the Notice of Claims Procedure form that plaintiffs' counsel sent to plaintiffs along with the questionnaire stated, "As your attorneys, our conversations with you are confidential and protected by the attorney-client privilege. However, any communications you have with persons outside this law firm about your claim are not privileged." The cover letter by plaintiffs' counsel that accompanied the questionnaire was also clearly marked, "CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION."

You acknowledge in your reference to "minus only privileged communications" that defendant is not entitled to privileged and confidential attorney-client communications. However, you fail to recognize that the database provided to defendant represents the relevant non-privileged data plaintiffs' counsel gathered during the privileged communications with plaintiffs about their claims. Both plaintiffs' written responses on the questionnaires sent to plaintiffs' counsel and the discussions between plaintiffs and their counsel regarding advice on how to fill out the questionnaires were absolutely privileged and confidential attorney-client communications because they were for the purpose of assisting and furthering plaintiffs' interests in the *Christofferson* action. *Id*.

Attorney Work Product Privilege: The attorney work product doctrine is incorporated into Rule 26(b)(3) of the U.S. Court of Federal Claims. This Rule protects from discovery documents "prepared in anticipation of litigation by or for another party or by or for that other party's attorney" unless the requesting party can show a substantial need for the materials and that it is unable without undue hardship to obtain the information by other

means. Plaintiffs' written responses to the questionnaire fall precisely within this definition. Plaintiffs' counsel have no transcripts of their discussions with plaintiffs about the questionnaire, but do have their notes from such discussions. These notes are also protected under Rule 26(b)(3) because they were created in anticipation of litigation and contain counsel's "mental impressions, conclusions, opinions or legal theories."

In your letter, you state that the database lacks information such as when plaintiffs' supervisors became aware of plaintiffs' overtime work and what supervisors said to plaintiffs after learning of the overtime worked. In the vast majority of cases, plaintiffs' counsel does not have this information because the information was not requested in the questionnaire and usually was not spontaneously raised by plaintiffs. In the few instances in which plaintiffs' counsel may have received such information, the information appears to be protected under Rule 26(b)(3) since defendant can gain the information through depositions of the "certainty" group without any undue hardship.

For the above reasons, plaintiffs decline to provide defendant with copies of plaintiffs' written responses to the questionnaires or notes of plaintiffs' discussions with their counsel about the questionnaire and how to respond to it.

We will be asking the Court to set a case management conference for June 26, 2007, in conjunction with our hearing to amend the complaint, to either resolve the issue or to consider alternatives. Before June 26 conference, I am open to discussing this matter further with you.

Very truly yours,

/s/

Jack W. Lee
Attorney for Plaintiffs