IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENT CHRISTOFFERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 01-495C |
| | ) | (Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO DISMISS WITH PREJUDICE CLAIMS OF CALIFORNIA PLAINTIFFS AND CONSENTERS

Pursuant to RCFC 41(b), defendant, the United States, respectfully requests the Court to dismiss, with prejudice, the claims of all consenters from the Concord, California Local Census Office ("LCO"), who failed to report for their depositions or respond to interrogatories; and the claims of Stephen Ryerson and Marcus Ortiz, who have since represented that they do not wish to pursue their claims.

## BACKGROUND

This case purports to be a collective action brought by former employees of the Bureau of the Census alleging claims for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. These former employees performed field duties during the 2000 decennial census. They worked in Local Census Offices throughout the United States.

In May 2003, the Court ordered the parties to prepare for trial the claims of all consenters who had worked in the Concord, California LCO. The close of discovery and trial date on these claims were originally set for August 2003. Thereafter, those dates were extended. A final trial date was set for March 29 - April 2, 2004. Discovery closed by March 22, 2004.

During the discovery period, both parties exchanged interrogatories and document requests and conducted depositions. Defendant served interrogatories and document requests on

all consenters from the Concord, CA LCO. Despite allowing the plaintiffs ample time to respond, some of the consenters responded to the written discovery. Defendant served notices of deposition on each of those who had responded to written discovery. Not all of the consenters who had responded to written discovery appeared for their depositions. In fact, some consenters scheduled and rescheduled their depositions, failing to appear on the scheduled date without notice to defendants.

**DISCUSSION**

RCFC 41(b) specifies that upon failure to "comply with these rules or any order of court," a plaintiff may be dismissed. The dismissal may result from a defendant's motion or it may be entered sua sponte. The United States Court of Appeals for the Federal Circuit affirmed a sua sponte dismissal in Kadin Corp. v. United States, 782 F.2d 175, 176 (Fed. Cir. 1986), cert. denied, 106 S. Ct. 2895 (1986). In that case, this Court, sua sponte, dismissed the plaintiff's case for failure to prosecute, after plaintiff responded to the court's show cause order one day after the due date. On appeal, the court of appeals found no abuse of discretion, explaining:

> Although dismissal is a harsh sanction, we cannot say that the Claims Court abused its discretion in dismissing the complaint here.
>
> As noted the Appellant repeatedly and without valid justification ignored both court-imposed deadlines and court rules. The appellant's entire course of conduct reflected a callous disregard for the rules and regulations of the court and fell far short of the obligations an attorney owes to a court before which he is conducting litigation.

782 F.2d at 176. The Supreme Court also has recognized the necessity of this sanction in Link v. Wabash R.R. Co., 370 U.S. 626, 629, reh'g denied, 371 U.S. 873 (1962):

> The authority of a federal trial court to dismiss a plaintiff's action

> with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in calendars of the District Courts.

The practicality of this holding has been echoed repeatedly by federal appeals courts in dismissing the action of a party whose course of conduct prevents the resolution of the case:

> If Claims Court judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical.

Kadin Corp. v. United States, 782 F.2d at 177, quoting Automated Datatron Inc. v. Woodcock, 659 F.2d 1168, 1170 (D.C. Cir. 1981).

By failing to participate in the litigation of their claims within the ample period set by the Court, these Concord consenters who failed to respond fully to discovery have failed to prosecute their claims. Stephen Ryerson and Marcus Ortiz, have explicitly stated their intent to no longer pursue their claims – Mr. Ryerson did so when he appeared for his deposition in 2004 and Mr. Ortiz did so recently when discussing settlement with his attorneys.

A complete list of the consenters whose claims should be dismissed with prejudice because of their failure to participate in this action are attached hereto as Exhibit A.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court dismiss with prejudice the claims of the consenters listed in Exhibit A as well as the claims of Stephen Ryerson and Marcus Ortiz.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

OF COUNSEL:

RAYNA G. ELLER, ESQ.
Senior Attorney
Office of the General Counsel
Department of Commerce
Bureau of the Census
Suitland MD 20746-24

STEVEN J. GILLINGHAM
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St. NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-2311

Attorneys for Defendant

September 7, 2007

CERTIFICATE OF FILING

I hereby certify that on September 10, 2007, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Gillingham