IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KENT CHRISTOFFERSON et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 01-495C |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATUS REPORT

Pursuant to the Court's order of November 5, 2007, defendant respectfully submits the following report. Plaintiffs' counsel has reviewed and concurs with this report.

Since our last report, representatives of the Bureau of Census visited Plaintiffs' counsel's offices and reviewed a sample of the claimant questionnaires produced pursuant to the parties' Memorandum of Understanding (MOU). Defendants have requested and Plaintiffs have agreed to allow wholesale copying of all the claimant questionnaires. The Government intends to engage a commercial copying service to copy the files on-site. The parties also are negotiating a clawback agreement that they intend to submit to the Court for its approval. Once that is approved, the claimant questionnaire responses will be available to the Government for copying. The parties are conferring to facilitate the copying. Government counsel expects the Government to begin copying the questionnaires in December 2007.

Once the Government receives copies of the files, Government attorneys will review the claims in an effort to determine which can be resolved upon the basis of the questionnaires and which claims require further information. Defendant anticipates that its review process will require 90 days. Plaintiff anticipates that it would respond to any product of defendant's review process in 90 days.

While reviewing the files at the offices of Plaintiffs' attorneys, Defendants were informed that some files were not produced because Plaintiffs had determined the claims were no longer viable as a result of the Court's denial of Plaintiffs' Motion to File Proposed Second Amended Complaint. Defendant believes that those consenters should be promptly identified and dismissed from the lawsuit. Plaintiffs do not see any exigent reason for informing the 300 plus individuals who may be affected by the Court's Order of July 6, 2007, that their claims are no longer viable as it will cause confusion with individuals who have overlapping overtime and straight-time claims (e.g., individuals who were not paid overtime and straight-time in different weeks). Plaintiffs would prefer to send one letter to all plaintiffs to inform them of the status of their claim at the end of the Government's evaluation process within the next 90 days. Mass mailings to the plaintiffs inevitably generate hundreds of anxious phone calls for which Plaintiffs' counsel must properly retain sufficient staffing.

In the 389 files reviewed by Bureau of Census attorneys, two consenters referenced as their response to questions in the questionnaire, specific questions provided in earlier written communications with plaintiffs' counsel in 2002 and 2003, prior to the existence of the February 18, 2005 MOU. Plaintiffs' attorneys believe that these documents, which were part of Plaintiffs' counsel earlier investigation of individuals' claims in 2002-2003, fall outside the Court's Order of October 25, 2007. Defendant has requested copies of these documents and Plaintiffs' counsel is considering this request.

Several completed questionnaires contained the notation "See telephone log" as the explanation for the change of an answer or for other answers, but no telephone log was provided. Plaintiff contends that all telephone logs, which were wholly created by Plaintiffs' attorneys and

paralegals after their conversations with claimants, are privileged and/or protected by the work product doctrine. Defendant believes that plaintiff should produce a privilege log identifying any materials attached or referenced in the questionnaires, including references to the "telephone log," if plaintiffs maintain that those matters are privileged. The parties may call upon the Court to resolve these discovery issues in the near future but the parties continue to meet and confer regarding their disagreements.

Concerning the remaining Concord claims, plaintiffs intend to propose counter proposals to settle the remaining eleven Concord claims by next week.

Finally, for some time, the parties have been trying to identify plaintiffs who could not be identified by their social security number they have provided in this lawsuit. For plaintiffs without valid social security numbers, Defendant was not able to generate electronic payroll records. The parties are conferring on how to deal with these individuals, some of whom Defendant has provided Plaintiffs with hard copy payroll records. There are fewer than 25 of these plaintiffs. These individuals will be allowed to submit claim forms at a later date.

The parties request a telephonic status report in 45 days.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St. NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-2311

Attorneys for Respondent

November 30, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 30, 2007, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Gillingham