# In the United States Court of Federal Claims

No. 01-495C
(Filed: December 13, 2007)

* * * * * * * * * * * * * * * * * * * * * * *
KENT CHRISTOFFERSON, *et al.*

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*.
* * * * * * * * * * * * * * * * * * * * * * *

## DISCOVERY ORDER

WHEREAS Plaintiffs have a large volume of claim questionnaires that were prepared pursuant to the parties' Memorandum of Understanding (MOU), which was entered into to promote the just, speedy, and efficient resolution of this lawsuit;

WHEREAS Plaintiffs assert that some questionnaires contain attorney-client privileged information or attorney work product and would require a lengthy review to determine whether they are protected from discovery by various privileges or other protections;

It is hereby ORDERED BY THE COURT:

### General Provisions

1. The term "Document" refers to the questionnaires and any other documents produced in response to the questionnaires, including copies thereof.

Provisions Regarding Privileged Material

2. The parties agree that preliminary review and subsequent production of all or part of a Document shall not constitute a waiver of any privilege or other protection, as to any portion of that Document, in this or in any other proceeding, if Plaintiffs provide a notice seeking the return of the document, or the redaction of a portion of the Document to obscure the privileged or otherwise protected information ("Notice").

3. The Notice shall be in writing, shall be served upon counsel of record for the Defendant, and shall contain information sufficient to: (1) identify the Document, or portions of any Document; (2) explain the basis for the invocation of the privilege or protection. To be effective, the notice shall be provided within a reasonable time, but no later than 30 days after Plaintiffs discover Defendant's intention to use the privileged information.

4. After receiving a Notice, Defendant must promptly return, sequester, or destroy the Document or portion of the Document identified in the Notice, and any copies it has, and may not use or disclose the information until the claim is resolved. If Defendant disclosed the information specified in the Notice before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the specified information until the claim is resolved.

5. Defendant may challenge the assertion of any privilege or other protection contained in the Notice. The motion challenging the assertion shall be filed under seal, with a copy to Plaintiffs. Any such motion must be filed within 30 days from receipt of the Notice.

6. Nothing in this Order shall prohibit Plaintiffs from withholding from review and/or production any document covered by any privilege(s), properly claimed.

Provisions Regarding Administration Of This Discovery Order

7. If either party has cause to believe that a violation of this Order has occurred or is about to occur, it shall have the right to petition this Court for appropriate relief.

8. Plaintiffs or Defendant may seek a modification of this Order at any time, but the provisions of this Order shall continue to be binding after the termination of this action unless otherwise ordered.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge