[illegible]
Ashley Smart
11636 [illegible] St
[illegible] CA 91601

ID: 10141

Ashley Smart
17454 Deerhill Road
Hidden Valley, CA 95467

SSN : [redacted]

**PAYROLL SUMMARY**



NAME : Smart,Ashley

| CHANGEDATE | LOCAL CENSUS OFFICE NAME | POSITION |
|---|---|---|
| 04-17-2000 | Culver City East Local Ce | Clerical |
| 04-18-2000 | Culver City East Local Ce | Enumerator |
| 05-15-2000 | Culver City East Local Ce | Crew Leader Assistant |
| 06-12-2000 | Culver City East Local Ce | Enumerator |

Hours Worked During 1/1/2000 - 11/30/2000

* Overtime can only be claimed if you worked more than 40 hours total during a work week (Sunday through Saturday). "Work time" includes travel time to and from your home, time you spent at home making work-related calls or on other work activities, and time you worked during a lunch or dinner break.

| PAY PERIOD END DATE | PAYROLL DATA TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE OVERTIME WORKED* |
|---|---|---|---|---|---|---|---|---|---|---|
| 04-22-2000 | REG | 0.00 | 8.00 | 3.00 | 8.00 | 8.00 | 8.00 | 0.00 | 35.00 | |
| 04-22-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 04-22-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 04-22-2000 | NDREG | 0.00 | 0.00 | 5.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5.00 | |
| 04-22-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | 3 |
| 04-29-2000 | REG | 0.00 | 0.00 | 0.00 | 0.00 | 5.00 | 3.00 | 8.00 | 16.00 | |
| 04-29-2000 | TRAIN | 0.00 | 8.00 | 8.00 | 5.00 | 0.00 | 0.00 | 0.00 | 21.00 | |
| 04-29-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 04-29-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 5.00 | 5.00 | 3.00 | 8.00 | 37.00 | 2 |
| 05-06-2000 | REG | 8.00 | 5.00 | 8.00 | 8.00 | 0.00 | 4.00 | 6.50 | 39.50 | |
| 05-06-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | TOTAL | 8.00 | 5.00 | 8.00 | 8.00 | 0.00 | 4.00 | 6.50 | 39.50 | 3 |
| 05-13-2000 | REG | 8.00 | 5.00 | 5.50 | 5.50 | 0.00 | 4.00 | 6.50 | 34.50 | |
| 05-13-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | TOTAL | 8.00 | 5.00 | 5.50 | 5.50 | 0.00 | 4.00 | 6.50 | 34.50 | 2 |
| 05-20-2000 | REG | 0.00 | 8.00 | 8.00 | 5.00 | 5.00 | 4.00 | 7.00 | 37.00 | |
| 05-20-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-20-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-20-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 5.00 | 5.00 | 4.00 | 7.00 | 37.00 | 3 |
| 05-27-2000 | REG | 0.00 | 8.00 | 5.00 | 6.00 | 5.00 | 2.00 | 0.00 | 26.00 | |
| 05-27-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-27-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-27-2000 | TOTAL | 0.00 | 8.00 | 5.00 | 6.00 | 5.00 | 2.00 | 0.00 | 26.00 | 0 |
| 06-03-2000 | REG | 0.00 | 0.00 | 4.00 | 5.00 | 3.00 | 0.00 | 3.50 | 15.50 | |
| 06-03-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-03-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-03-2000 | TOTAL | 0.00 | 0.00 | 4.00 | 5.00 | 3.00 | 0.00 | 3.50 | 15.50 | 0 |
| 06-10-2000 | REG | 0.00 | 8.00 | 4.00 | 8.00 | 8.00 | 4.00 | 0.00 | 32.00 | |
| 06-10-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-10-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-10-2000 | TOTAL | 0.00 | 8.00 | 4.00 | 8.00 | 8.00 | 4.00 | 0.00 | 32.00 | 2 |

SSN : [redacted]

PAYROLL SUMMARY



| PAY PERIOD END DATE | TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE OVERTIME WORKED* |
|---|---|---|---|---|---|---|---|---|---|---|
| 06-17-2000 | REG | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-17-2000 | TRAIN | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | |
| 06-17-2000 | OT | 0.00 | 1.00 | 1.00 | 1.00 | 1.00 | 0.00 | 0.00 | 4.00 | |
| 06-17-2000 | TOTAL | 0.00 | 9.00 | 9.00 | 9.00 | 9.00 | 8.00 | 0.00 | 44.00 | 4 |
| 06-24-2000 | REG | 2.50 | 8.00 | 4.00 | 5.00 | 4.50 | 7.00 | 0.00 | 31.00 | |
| 06-24-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-24-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-24-2000 | TOTAL | 2.50 | 8.00 | 4.00 | 5.00 | 4.50 | 7.00 | 0.00 | 31.00 | 2 |
| 07-01-2000 | REG | 0.00 | 6.00 | 2.00 | 5.00 | 5.00 | 2.00 | 5.00 | 25.00 | |
| 07-01-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-01-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-01-2000 | TOTAL | 0.00 | 6.00 | 2.00 | 5.00 | 5.00 | 2.00 | 5.00 | 25.00 | 0 |
| 07-08-2000 | REG | 0.00 | 5.00 | 0.00 | 7.00 | 1.00 | 3.50 | 0.00 | 16.50 | |
| 07-08-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-08-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-08-2000 | TOTAL | 0.00 | 5.00 | 0.00 | 7.00 | 1.00 | 3.50 | 0.00 | 16.50 | 0 |
| 07-15-2000 | REG | 0.00 | 0.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 8.00 | |
| 07-15-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-15-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-15-2000 | TOTAL | 0.00 | 0.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 8.00 | 0 |
| 07-22-2000 | REG | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 | |
| 07-22-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-22-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-22-2000 | TOTAL | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 | 0 |

ROLLED-OVER OVERTIME HOURS:
"Rolled," "banked" or "carried over" hours refer to overtime hours that you worked in one week, but were not able to record on the day that you actually worked them, and, therefore, you recorded them on a later date. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime.

If you DID NOT roll over any overtime hours, leave this section blank.

If you "banked," "rolled" or "carried over" any of the overtime you have claimed above, in the spaces below, give your best estimate of the dates on which you actually worked those hours and also the dates on which you recorded those hours on your pay form.

Example: Assume you worked 50 hours in the first week of May. Because you were not permitted to record more than 40 hours in a week, you recorded only 40 for that week and then kept track of the 10 additional hours. Assume you worked only 20 hours in the second week of May. Instead of recording 20 hours for that week, you recorded 30 (the 20 actually worked that week, plus the 10 carried over from the first week). In that example, your answer to this Question would be: "Rolled 10 hours from the first week of May to the second week of May."

SSN : [redacted]

PAYROLL SUMMARY



If you are not sure of exact dates, you may estimate. For example, "Rolled about 20 hours in May to June."

1a. Week/Date Overtime Worked: ____________________

1b. Number of Overtime Hours Not Recorded: ____________________

1c. Week/Date in which Overtime was recorded: ____________________

---

2a. Week/Date Overtime Worked: ____________________

2b. Number of Overtime Hours Not Recorded: ____________________

2c. Week/Date in which Overtime was recorded: ____________________

---

3a. Week/Date Overtime Worked: ____________________

3b. Number of Overtime Hours Not Recorded: ____________________

3c. Week/Date in which Overtime was recorded: ____________________

---

(Continue on another sheet of paper as necessary.)

If any of the numbers you give for Overtime or Rolled-Over Hours are based on estimates, please write out below, to the best of your knowledge, which dates and numbers are estimates, and describe how you arrived at those estimates. Please use the back of the Payroll Summary for your description. If you need additional space, use a separate sheet of paper clearly labeled with your name and SSN at the top of each additional page.

Def. Ex. 9

McAfee, Doris

# CLAIM FORM

OCT 1 4 2006

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## WASHINGTON D.C.
## KENT CHRISTOFFERSON, et al., vs. THE UNITED STATES (No. 01-495C)

Please print clearly in dark ink.

1. Doris M. McAfee — Name (First, Middle, Last)

   [redacted] — Social Security Number

2. 2060 Quail Ct. — Street Address

   Apartment Number

   Yuba City — City

   CA — State

   95993 — Zip Code

3. Do you wish to continue with your claim against the federal government for unpaid overtime? ✓ YES ___NO

   If "Yes," please complete this Claim Form and provide estimates of your overtime on the Payroll Summary. If "No," you do not need to complete the rest of this Claim Form. Please return this form and the Payroll Summary to our offices at the address provided. A "No" means you no longer wish to be a participant in this lawsuit.

4. ______ E-mail Address (if any)

5. ______ Work Phone Number ______ Best Times to Call

6. 530-671-6555 — Home Phone Number; 6:00 – 8:30 pm — Best Times to Call

7. ______ Cell Phone Number ______ Best Times to Call

8. ______ Phone Number of Relative or Other Contacts (Optional)

9. Please list any other names used while employed by the U.S. Census Bureau in the year 2000.

   ______ ______

10. While working for the Census Bureau in 2000, did you ever work more than 40 hours in a work week (Sunday through Saturday)? You should include as work time the time you spent traveling to and from your home, time spent on work-related activities at your home, and lunch or dinner breaks if you worked during those breaks.
___ Yes ___ No

11. Review the Payroll Summary produced from the Census Bureau payroll records which show the days you worked and hours you submitted in 2000. What is your best estimate of which weeks you worked MORE THAN 40 hours (40+) per work week, and how many hours of overtime you worked each of those 40+ hour weeks?

There are spaces on the right hand side of the Payroll Summary where you should indicate how much overtime you believe you worked. Please include on the Payroll Summary overtime hours that you claim to have worked in the following decennial field positions only: Enumerator, Crew Leader Assistant, Crew Leader, Field Operations Supervisor Assistant, Field Operations Supervisor, and Special Places Operation Supervisor.

**Example:** Assume you worked 50 hours in the first week of May and 20 hours in the second week of May. Because you were not permitted to record more than 40 hours in a week, you only recorded 40 hours for the first week of May and did not submit any overtime worked. Therefore, you would indicate your estimate of overtime as follows:

| PAY PERIOD END DATE | TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE UNPAID OVERTIME* |
|---|---|---|---|---|---|---|---|---|---|---|
| 05-06-2000 | REG | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | |
| 05-06-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | 10 HRS |
| 05-13-2000 | REG | 4.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | |
| 05-13-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | TOTAL | 4.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | ____ |

12. If you "banked," "rolled," or "carried over" any overtime you worked, add those also to the Payroll Summary, in the space indicated. "Rolled-over," "banked" or "carried-over" hours refer to overtime hours you worked in one week, but were not able to record because doing so would exceed 40 hours in one week. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime. You may be entitled to some recovery even if you rolled over your overtime hours.

13. Are any of the numbers you wrote on the Payroll Summary based on an estimate?
✓ Yes ___ No

14. If any of your numbers are based on estimates, please identify on the Payroll Summary, where indicated, which numbers are estimates and describe how you arrived at those estimates.

15. If you have any documents, which existed in 2000, that may tend to show that you worked the overtime claimed (e.g. datebooks, calendar entries), attach copies of the documents to this claim form. If you provide documents, send copies only. No originals should be provided as your documents will not be returned to you. *Note that documentary proof is not required to make a claim.*

16. Do you believe your supervisor knew or had reason to know that you worked overtime prior to your working the overtime?
X Yes __ No per phone conf. w/ Molly D 11/9/06

17. If you answered yes to Question 16, explain why you believe your supervisor knew or had reason to know that you worked overtime prior to your working the overtime. (Please refer to pages 2 and 3, **"What is Overtime?"** for examples of how your supervisor knew or should have known about your working overtime.)

If you need additional space to respond to any of the above questions, use a separate sheet of paper. Clearly print your name and SSN at the top of each additional page, and indicate the question number.

Certification: I swear or affirm under penalty of perjury that the above statements are true to the best of my knowledge and belief.

Date: 10-13-06

Signature: Doris Mafee

Print Name: Doris McAfee

**You Must Complete, Sign and Return this Claim Form and the enclosed Payroll Summary by mail postmarked no later than SEPTEMBER 29, 2006.**

If you wish to confirm our receipt of this form, we strongly recommend that you send it via Registered Mail/Return Receipt requested. To obtain a Registered Mail/Return Receipt form, please visit your local post office or go to: www.usps.com.
**You must keep a copy of completed forms for your records.**

ID: 4282

Doris M McAfee
2060 QUAIL CT
YUBA CITY, CA 95993-1177

SSN : [redacted] **PAYROLL SUMMARY** **Page 1 of 3**

NAME : McAfee,Doris M

| CHANGEDATE | LOCAL CENSUS OFFICE NAME | POSITION |
|---|---|---|
| 04-24-2000 | Davis | Enumerator |

Hours Worked During 1/1/2000 - 11/30/2000

* Overtime can only be claimed if you worked more than 40 hours total during a work week (Sunday through Saturday). "Work time" includes travel time to and from your home, time you spent at home making work-related calls or on other work activities, and time you worked during a lunch or dinner break.

| PAY PERIOD END DATE | TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE OVERTIME WORKED* | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PAYROLL DATA | | | | | | | | | |
| 04-29-2000 | REG | 0.00 | 0.00 | 0.00 | 4.00 | 8.00 | 8.00 | 0.00 | 20.00 | | |
| 04-29-2000 | TRAIN | 0.00 | 8.00 | 8.00 | 4.00 | 0.00 | 0.00 | 0.00 | 20.00 | | |
| 04-29-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 04-29-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | | |
| 05-06-2000 | REG | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | 14 miles | |
| 05-06-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 05-06-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | OT |
| 05-06-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | 8 hrs | |
| 05-13-2000 | REG | 0.00 | 0.00 | 8.00 | 8.00 | 8.00 | 0.00 | 4.00 | 28.00 | 15 mi. | |
| 05-13-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 05-13-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | reg |
| 05-13-2000 | TOTAL | 0.00 | 0.00 | 8.00 | 8.00 | 8.00 | 0.00 | 4.00 | 28.00 | 6 hrs | |
| 05-20-2000 | REG | 0.00 | 3.50 | 0.00 | 8.00 | 0.00 | 0.00 | 4.50 | 16.00 | | |
| 05-20-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 05-20-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 05-20-2000 | TOTAL | 0.00 | 3.50 | 0.00 | 8.00 | 0.00 | 0.00 | 4.50 | 16.00 | | |
| 05-27-2000 | REG | 0.00 | 8.00 | 8.00 | 8.00 | 0.00 | 5.00 | 8.00 | 37.00 | 39 mi. | |
| 05-27-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 1 reg |
| 05-27-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.00 | 2.00 | | 6.5 OT |
| 05-27-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 0.00 | 5.00 | 10.00 | 39.00 | 7 1/2 hrs | |
| 06-03-2000 | REG | 0.00 | 3.50 | 0.00 | 4.00 | 0.00 | 3.50 | 8.00 | 19.00 | | |
| 06-03-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 06-03-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 | 1.00 | | reg |
| 06-03-2000 | TOTAL | 0.00 | 3.50 | 0.00 | 4.00 | 0.00 | 3.50 | 9.00 | 20.00 | 6 hrs | |
| 06-10-2000 | REG | 8.00 | 8.00 | 3.00 | 7.00 | 8.00 | 6.00 | 0.00 | 40.00 | 25 miles | |
| 06-10-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 06-10-2000 | OT | 1.00 | 3.00 | 0.00 | 0.00 | 0.50 | 4.00 | 8.00 | 16.50 | | OT |
| 06-10-2000 | TOTAL | 9.00 | 11.00 | 3.00 | 7.00 | 8.50 | 10.00 | 8.00 | 56.50 | 8 hrs | |
| 06-17-2000 | REG | 8.00 | 0.00 | 8.00 | 7.00 | 4.00 | 0.00 | 0.00 | 27.00 | | |
| 06-17-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 06-17-2000 | OT | 2.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.00 | | |
| 06-17-2000 | TOTAL | 10.00 | 0.00 | 8.00 | 7.00 | 4.00 | 0.00 | 0.00 | 29.00 | | |

SSN : [redacted]

PAYROLL SUMMARY



| PAY PERIOD END DATE | TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE OVERTIME WORKED* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07-15-2000 | REG | 0.00 | 0.00 | 4.00 | 6.50 | 0.00 | 8.00 | 8.00 | 26.50 | |
| 07-15-2000 | TRAIN | 0.00 | 0.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | |
| 07-15-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-15-2000 | TOTAL | 0.00 | 0.00 | 8.00 | 6.50 | 0.00 | 8.00 | 8.00 | 30.50 | |
| 07-22-2000 | REG | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 4.00 | 0.00 | 36.00 | 12 mi. |
| 07-22-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4 reg |
| 07-22-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-22-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 4.00 | 0.00 | 36.00 | 7 hrs 3 OT |
| 08-05-2000 | REG | 0.00 | 0.00 | 8.00 | 5.50 | 5.00 | 8.00 | 0.00 | 26.50 | 9 mi |
| 08-05-2000 | TRAIN | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 | 5.5 reg |
| 08-05-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 08-05-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 5.50 | 5.00 | 8.00 | 0.00 | 34.50 | 8 1/2 hrs 3 OT |

ROLLED-OVER OVERTIME HOURS:
"Rolled," "banked" or "carried over" hours refer to overtime hours that you worked in one week, but were not able to record on the day that you actually worked them, and, therefore, you recorded them on a later date. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime.

If you DID NOT roll over any overtime hours, leave this section blank.

If you "banked," "rolled" or "carried over" any of the overtime you have claimed above, in the spaces below, give your best estimate of the dates on which you actually worked those hours and also the dates on which you recorded those hours on your pay form.

Example: Assume you worked 50 hours in the first week of May. Because you were not permitted to record more than 40 hours in a week, you recorded only 40 for that week and then kept track of the 10 additional hours. Assume you worked only 20 hours in the second week of May. Instead of recording 20 hours for that week, you recorded 30 (the 20 actually worked that week, plus the 10 carried over from the first week). In that example, your answer to this Question would be: "Rolled 10 hours from the first week of May to the second week of May."

If you are not sure of exact dates, you may estimate. For example, "Rolled about 20 hours in May to June."

1a. Week/Date Overtime Worked: ______________

1b. Number of Overtime Hours Not Recorded: ______________

1c. Week/Date in which Overtime was recorded: ______________

---

2a. Week/Date Overtime Worked: ______________

2b. Number of Overtime Hours Not Recorded: ______________

2c. Week/Date in which Overtime was recorded: ______________

---

3a. Week/Date Overtime Worked: ____________________

3b. Number of Overtime Hours Not Recorded: ____________________

3c. Week/Date in which Overtime was recorded: ____________________

---

(Continue on another sheet of paper as necessary.)

If any of the numbers you give for Overtime or Rolled-Over Hours are based on estimates, please write out below, to the best of your knowledge, which dates and numbers are estimates, and describe how you arrived at those estimates. Please use the back of the Payroll Summary for your description. If you need additional space, use a separate sheet of paper clearly labeled with your name and SSN at the top of each additional page.

Def. Ex. 10

Kiper, Shunell

OCT 2 6 2005

BY:

**CLAIM FORM**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**WASHINGTON D.C.**
**KENT CHRISTOFFERSON, et al., vs. THE UNITED STATES (No. 01-495C)**

Please print clearly in dark ink.

1. Shunell S. Kiper — [redacted]
   Name (First, Middle, Last) — Social Security Number

2. ~~12~~5745 S. Manhattan Pl.
   Street Address — Apartment Number

   LA — Ca — 90062
   City — State — Zip Code

3. Do you wish to continue with your claim against the federal government for unpaid overtime? ✓ YES ___NO

   If "Yes," please complete this Claim Form and provide estimates of your overtime on the Payroll Summary. If "No," you do not need to complete the rest of this Claim Form. Please return this form and the Payroll Summary to our offices at the address provided. A "No" means you no longer wish to be a participant in this lawsuit.

4. ______________________
   E-mail Address (if any)

5. 310)219 3955 — anytime
   Work Phone Number — Best Times to Call

6. 323)293 8698 — anytime
   Home Phone Number — Best Times to Call

7. 310)774 4930 — anytime
   Cell Phone Number — Best Times to Call

8. Mom-(323)293 8698
   Phone Number of Relative or Other Contacts (Optional)

9. Please list any other names used while employed by the U.S. Census Bureau in the year 2000.

   n/A

10. While working for the Census Bureau in 2000, did you ever work more than 40 hours in a work week (Sunday through Saturday)? You should include as work time the time you spent traveling to and from your home, time spent on work-related activities at your home, and lunch or dinner breaks if you worked during those breaks.
✓ Yes ___ No

11. Review the Payroll Summary produced from the Census Bureau payroll records which show the days you worked and hours you submitted in 2000. What is your best estimate of which weeks you worked MORE THAN 40 hours (40+) per work week, and how many hours of overtime you worked each of those 40+ hour weeks?

There are spaces on the right hand side of the Payroll Summary where you should indicate how much overtime you believe you worked. Please include on the Payroll Summary overtime hours that you claim to have worked in the following decennial field positions only: Enumerator, Crew Leader Assistant, Crew Leader, Field Operations Supervisor Assistant, Field Operations Supervisor, and Special Places Operation Supervisor.

**Example:** Assume you worked 50 hours in the first week of May and 20 hours in the second week of May. Because you were not permitted to record more than 40 hours in a week, you only recorded 40 hours for the first week of May and did not submit any overtime worked. Therefore, you would indicate your estimate of overtime as follows:

| PAY PERIOD END DATE | TYPE | PAYROLL DATA SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE UNPAID OVERTIME* |
|---|---|---|---|---|---|---|---|---|---|---|
| 05-06-2000 | REG | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | |
| 05-06-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | 10 HRS |
| 05-13-2000 | REG | 4.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | |
| 05-13-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | TOTAL | 4.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | ___ |

12. If you "banked," "rolled," or "carried over" any overtime you worked, add those also to the Payroll Summary, in the space indicated. "Rolled-over," "banked" or "carried-over" hours refer to overtime hours you worked in one week, but were not able to record because doing so would exceed 40 hours in one week. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime. You may be entitled to some recovery even if you rolled over your overtime hours.

13. Are any of the ~~numbers~~ you wrote on the Payroll Summary based on an estimate?
___ Yes ✓ No ← yes, see phone log

14. If any of your numbers are based on estimates, please identify on the Payroll Summary, where indicated, which numbers are estimates and describe how you arrived at those estimates.

15. If you have any documents, which existed in 2000, that may tend to show that you worked the overtime claimed (e.g. datebooks, calendar entries), attach copies of the documents to this claim form. If you provide documents, send copies only. No originals should be provided as your documents will not be returned to you. *Note that documentary proof is not required to make a claim.*

16. Do you believe your supervisor knew or had reason to know that you worked overtime prior to your working the overtime?
✓ Yes ___ No

17. If you answered yes to Question 16, explain why you believe your supervisor knew or had reason to know that you worked overtime prior to your working the overtime. (Please refer to pages 2 and 3, **"What is Overtime?"** for examples of how your supervisor knew or should have known about your working overtime.)
Because I asked her if they was paying us O.T as she said nothing over 40 hrs wkly. an O.T is any ~~that~~ time you work 8hrs or more.

If you need additional space to respond to any of the above questions, use a separate sheet of paper. Clearly print your name and SSN at the top of each additional page, and indicate the question number.

Certification: I swear or affirm under penalty of perjury that the above statements are true to the best of my knowledge and belief.

Date: 10/20/06

Signature: Shunell Kiper
Print Name: Shunell Kiper

**You Must Complete, Sign and Return this Claim Form and the enclosed Payroll Summary by mail postmarked no later than SEPTEMBER 29, 2006.**

If you wish to confirm our receipt of this form, we strongly recommend that you send it via Registered Mail/Return Receipt requested. To obtain a Registered Mail/Return Receipt form, please visit your local post office or go to: www.usps.com.
**You must keep a copy of completed forms for your records.**

ID: 10333

Shunell Kiper
5745 S. Manhattan Place
Los Angeles, CA 90062-

SSN : [redacted]

PAYROLL SUMMARY



NAME : Kiper,Shunell

| CHANGEDATE | LOCAL CENSUS OFFICE NAME | POSITION |
|---|---|---|
| 04-24-2000 | Compton | Enumerator |

Hours Worked During 1/1/2000 - 11/30/2000

* Overtime can only be claimed if you worked more than 40 hours total during a work week (Sunday through Saturday). "Work time" includes travel time to and from your home, time you spent at home making work-related calls or on other work activities, and time you worked during a lunch or dinner break.

| PAY PERIOD END DATE | TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE OVERTIME WORKED* | per phone conversation |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04-29-2000 | REG | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 4.00 | 8.00 | 16.00 | | |
| 04-29-2000 | TRAIN | 0.00 | 8.00 | 8.00 | 7.00 | 0.00 | 0.00 | 0.00 | 23.00 | Ø | 1 reg |
| 04-29-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 15 OT |
| 04-29-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 7.00 | 4.00 | 4.00 | 8.00 | 39.00 | | |
| 05-06-2000 | REG | 0.00 | 8.00 | 7.50 | 8.00 | 4.00 | 4.00 | 6.00 | 37.50 | | 2.5 reg |
| 05-06-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | ~~Ø~~ sk | 15 OT |
| 05-06-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 05-06-2000 | TOTAL | 0.00 | 8.00 | 7.50 | 8.00 | 4.00 | 4.00 | 6.00 | 37.50 | | |
| 05-13-2000 | REG | 0.00 | 8.00 | 6.00 | 8.00 | 5.00 | 5.00 | 8.00 | 40.00 | | |
| 05-13-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | sk 15 | 15 OT |
| 05-13-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 05-13-2000 | TOTAL | 0.00 | 8.00 | 6.00 | 8.00 | 5.00 | 5.00 | 8.00 | 40.00 | | |
| 05-20-2000 | REG | 0.00 | 4.00 | 8.00 | 8.00 | 3.00 | 8.00 | 8.00 | 39.00 | | 1 reg |
| 05-20-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | ~~10~~ sk | 15 OT |
| 05-20-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 05-20-2000 | TOTAL | 0.00 | 4.00 | 8.00 | 8.00 | 3.00 | 8.00 | 8.00 | 39.00 | | |
| 05-27-2000 | REG | 0.00 | 6.00 | 3.50 | 8.00 | 4.00 | 8.00 | 8.00 | 37.50 | | 2.5 reg |
| 05-27-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | ~~10~~ sk | 15 OT |
| 05-27-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 05-27-2000 | TOTAL | 0.00 | 6.00 | 3.50 | 8.00 | 4.00 | 8.00 | 8.00 | 37.50 | | |
| 06-03-2000 | REG | 3.00 | 4.00 | 7.50 | 8.00 | 8.00 | 5.00 | 4.50 | 40.00 | | |
| 06-03-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15 | 15 OT |
| 06-03-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 06-03-2000 | TOTAL | 3.00 | 4.00 | 7.50 | 8.00 | 8.00 | 5.00 | 4.50 | 40.00 | | |
| 06-10-2000 | REG | 0.00 | 8.00 | 3.00 | 7.50 | 8.00 | 4.00 | 0.00 | 30.50 | | 9.5 reg |
| 06-10-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | ~~10~~ sk | 15 OT |
| 06-10-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 06-10-2000 | TOTAL | 0.00 | 8.00 | 3.00 | 7.50 | 8.00 | 4.00 | 0.00 | 30.50 | | |
| 07-01-2000 | REG | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 | 8.00 | 16.00 | | 15 reg |
| 07-01-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 4.50 | 4.50 | 0.00 | 0.00 | 9.00 | ~~10~~ sk | 15 OT |
| 07-01-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | |
| 07-01-2000 | TOTAL | 0.00 | 0.00 | 0.00 | 4.50 | 4.50 | 8.00 | 8.00 | 25.00 | | |

SSN : [redacted]

PAYROLL SUMMARY



| PAY PERIOD END DATE | TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE OVERTIME WORKED* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07-08-2000 | REG | 8.00 | 8.00 | 0.00 | 8.00 | 4.50 | 7.50 | 4.00 | 40.00 | 8k |
| 07-08-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-08-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-08-2000 | TOTAL | 8.00 | 8.00 | 0.00 | 8.00 | 4.50 | 7.50 | 4.00 | 40.00 | ~~[illegible]~~ 20-25 traveling |
| 07-15-2000 | REG | 4.00 | 6.00 | 8.00 | 4.00 | 0.00 | 0.00 | 0.00 | 22.00 | |
| 07-15-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-15-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-15-2000 | TOTAL | 4.00 | 6.00 | 8.00 | 4.00 | 0.00 | 0.00 | 0.00 | 22.00 | 15 8k |

ROLLED-OVER OVERTIME HOURS:
"Rolled," "banked" or "carried over" hours refer to overtime hours that you worked in one week, but were not able to record on the day that you actually worked them, and, therefore, you recorded them on a later date. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime.

If you DID NOT roll over any overtime hours, leave this section blank.

If you "banked," "rolled" or "carried over" any of the overtime you have claimed above, in the spaces below, give your best estimate of the dates on which you actually worked those hours and also the dates on which you recorded those hours on your pay form.

Example: Assume you worked 50 hours in the first week of May. Because you were not permitted to record more than 40 hours in a week, you recorded only 40 for that week and then kept track of the 10 additional hours. Assume you worked only 20 hours in the second week of May. Instead of recording 20 hours for that week, you recorded 30 (the 20 actually worked that week, plus the 10 carried over from the first week). In that example, your answer to this Question would be: "Rolled 10 hours from the first week of May to the second week of May."

If you are not sure of exact dates, you may estimate. For example, "Rolled about 20 hours in May to June."

1a. Week/Date Overtime Worked: daily

1b. Number of Overtime Hours Not Recorded: none

1c. Week/Date in which Overtime was recorded: none

---

2a. Week/Date Overtime Worked: ______

2b. Number of Overtime Hours Not Recorded: alot

2c. Week/Date in which Overtime was recorded: n/A

---

3a. Week/Date Overtime Worked: ______

3b. Number of Overtime Hours Not Recorded: ______

SSN : [redacted] PAYROLL SUMMARY 

3c. Week/Date in which Overtime was recorded: ________________

---

(Continue on another sheet of paper as necessary.)

If any of the numbers you give for Overtime or Rolled-Over Hours are based on estimates, please write out below, to the best of your knowledge, which dates and numbers are estimates, and describe how you arrived at those estimates. Please use the back of the Payroll Summary for your description. If you need additional space, use a separate sheet of paper clearly labeled with your name and SSN at the top of each additional page.

I'm not sure how the estimated these hours but I know that i was working my ass off 40hrs wkly no overtime time or mileage they say that people was taking advantage. Each day there was a morning meeting to give out assignments that was at least 45 mins - 1hr, there was a evening meeting eachday at 4:30 pm or 5:00 pm that was at least 2hrs, our team had only 2 supervisors to at least 10-15 people that they had to spend time with each individual to make sure work was complete an or if you had to get more information, plus when I went home i had to still make phone calls to see if some client where availiable for the next date an time an some said that i could come at that time because he or she would not be available on the next day so sometimes I would go but I could only record the hours that I've work'd, they didn't pay us for travel, I lived in Hawthorne at the time an towards the Compton with no mileage pay. Gardena, LA, but they still had no OT.

Def. Ex. 11

/ Graham, Steven

# CLAIM FORM

AUG 2 8 2006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**WASHINGTON D.C.**
**KENT CHRISTOFFERSON, et al., vs. THE UNITED STATES (No. 01-495C)**

Please print clearly in dark ink.

1. steven l.graham
Name (First, Middle, Last)
[redacted]
Social Security Number

2. 1080 SO.LUCERNE BLVD
Street Address Apartment Number

LOS ANGELES
City
CALIF.
State
90019-6808
Zip Code

3. Do you wish to continue with your claim against the federal government for unpaid overtime?
X YES __NO

If "Yes," please complete this Claim Form and provide estimates of your overtime on the Payroll Summary. If "No," you do not need to complete the rest of this Claim Form. Please return this form and the Payroll Summary to our offices at the address provided. A "No" means you no longer wish to be a participant in this lawsuit.

4. none
E-mail Address (if any)

5. (323)936-0063
Work Phone Number
FIVE P.M.
Best Times to Call

6. SAME
Home Phone Number
FIVE P.M.
Best Times to Call

7. NONE
Cell Phone Number
Best Times to Call

8. __________
Phone Number of Relative or Other Contacts (Optional)

9. Please list any other names used while employed by the U.S. Census Bureau in the year 2000.

NONE

10. While working for the Census Bureau in 2000, did you ever work more than 40 hours in a work week (Sunday through Saturday)? You should include as work time the time you spent traveling to and from your home, time spent on work-related activities at your home, and lunch or dinner breaks if you worked during those breaks.
___ Yes ___ No

11. Review the Payroll Summary produced from the Census Bureau payroll records which show the days you worked and hours you submitted in 2000. What is your best estimate of which weeks you worked MORE THAN 40 hours (40+) per work week, and how many hours of overtime you worked each of those 40+ hour weeks?

There are spaces on the right hand side of the Payroll Summary where you should indicate how much overtime you believe you worked. Please include on the Payroll Summary overtime hours that you claim to have worked in the following decennial field positions only: Enumerator, Crew Leader Assistant, Crew Leader, Field Operations Supervisor Assistant, Field Operations Supervisor, and Special Places Operation Supervisor.

**Example:** Assume you worked 50 hours in the first week of May and 20 hours in the second week of May. Because you were not permitted to record more than 40 hours in a week, you only recorded 40 hours for the first week of May and did not submit any overtime worked. Therefore, you would indicate your estimate of overtime as follows:

| PAY PERIOD END DATE | TYPE | PAYROLL DATA SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE UNPAID OVERTIME* |
|---|---|---|---|---|---|---|---|---|---|---|
| 05-06-2000 | REG | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | |
| 05-06-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | 10 HRS |
| 05-13-2000 | REG | 4.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | |
| 05-13-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | TOTAL | 4.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | ___ |

12. If you "banked," "rolled," or "carried over" any overtime you worked, add those also to the Payroll Summary, in the space indicated. "Rolled-over," "banked" or "carried-over" hours refer to overtime hours you worked in one week, but were not able to record because doing so would exceed 40 hours in one week. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime. You may be entitled to some recovery even if you rolled over your overtime hours.

13. Are any of the numbers you wrote on the Payroll Summary based on an estimate?
___ Yes X No

14. If any of your numbers are based on estimates, please identify on the Payroll Summary, where indicated, which numbers are estimates and describe how you arrived at those estimates.

15. If you have any documents, which existed in 2000, that may tend to show that you worked the overtime claimed (e.g. datebooks, calendar entries), attach copies of the documents to this claim form. If you provide documents, send copies only. No originals should be provided as your documents will not be returned to you. *Note that documentary proof is not required to make a claim.*

16. Do you believe your supervisor knew or had reason to know that you worked overtime prior to your working the overtime?
X Yes ___ No

17. If you answered yes to Question 16, explain why you believe your supervisor knew or had reason to know that you worked overtime prior to your working the overtime. (Please refer to pages 2 and 3, **"What is Overtime?"** for examples of how your supervisor knew or should have known about your working overtime.)

If you need additional space to respond to any of the above questions, use a separate sheet of paper. Clearly print your name and SSN at the top of each additional page, and indicate the question number.

Certification: I swear or affirm under penalty of perjury that the above statements are true to the best of my knowledge and belief.

Date: AUGUST 20,2006

Signature: Steven L Graham

Print Name: STEVEN L.GRAHAM

**You Must Complete, Sign and Return this Claim Form and the enclosed Payroll Summary by mail postmarked no later than SEPTEMBER 29, 2006.**

If you wish to confirm our receipt of this form, we strongly recommend that you send it via Registered Mail/Return Receipt requested. To obtain a Registered Mail/Return Receipt form, please visit your local post office or go to: www.usps.com.
**You must keep a copy of completed forms for your records.**

ID: 2541

Steven Graham
1080 S LUCERNE BLVD
LOS ANGELES, CA 90019-6808

filled out by mags aleks
based on phone conversation
on 9.20.06

SSN : [redacted] PAYROLL SUMMARY 

NAME : Graham,Steven

| CHANGEDATE | LOCAL CENSUS OFFICE NAME | POSITION |
|---|---|---|
| 02-14-2000 | Culver City East Local Ce | Enumerator |

Hours Worked During 1/1/2000 - 11/30/2000

* Overtime can only be claimed if you worked more than 40 hours total during a work week (Sunday through Saturday). "Work time" includes travel time to and from your home, time you spent at home making work-related calls or on other work activities, and time you worked during a lunch or dinner break.

PAYROLL DATA

| PAY PERIOD END DATE | TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE OVERTIME WORKED* |
|---|---|---|---|---|---|---|---|---|---|---|
| 02-19-2000 | REG | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 02-19-2000 | TRAIN | 0.00 | 8.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 24.00 | |
| 02-19-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 02-19-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 24.00 | |
| 02-26-2000 | REG | 0.00 | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 40.00 | |
| 02-26-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 02-26-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 02-26-2000 | TOTAL | 0.00 | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 40.00 | 8 |
| 03-04-2000 | REG | 8.00 | 8.00 | 8.00 | 8.00 | 4.00 | 4.00 | 0.00 | 40.00 | |
| 03-04-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 03-04-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 03-04-2000 | TOTAL | 8.00 | 8.00 | 8.00 | 8.00 | 4.00 | 4.00 | 0.00 | 40.00 | 8 |
| 03-11-2000 | REG | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 0.00 | 8.00 | 40.00 | |
| 03-11-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 03-11-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 03-11-2000 | TOTAL | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 0.00 | 8.00 | 40.00 | 8 |
| 03-25-2000 | REG | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 4.00 | |
| 03-25-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 03-25-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 03-25-2000 | TOTAL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 4.00 | |

ROLLED-OVER OVERTIME HOURS:
"Rolled," "banked" or "carried over" hours refer to overtime hours that you worked in one week, but were not able to record on the day that you actually worked them, and, therefore, you recorded them on a later date. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime.

If you DID NOT roll over any overtime hours, leave this section blank.

If you "banked," "rolled" or "carried over" any of the overtime you have claimed above, in the spaces below, give your best estimate of the dates on which you actually worked those hours and also the dates on which you recorded those hours on your pay form.

Example: Assume you worked 50 hours in the first week of May. Because you were not permitted to record more than 40 hours in a week, you recorded only 40 for that week and then kept track of the 10 additional hours. Assume you worked only 20 hours in the second week of May. Instead of recording 20 hours for that week, you recorded 30 (the 20 actually worked that week, plus the 10 carried over from the first week). In that example, your answer to this Question would be: "Rolled 10 hours from the first week of May to the second week of May."

If you are not sure of exact dates, you may estimate. For example, "Rolled about 20 hours in May to June."

1a. Week/Date Overtime Worked: ________________

1b. Number of Overtime Hours Not Recorded: ________________

1c. Week/Date in which Overtime was recorded: ________________

---

2a. Week/Date Overtime Worked: ________________

2b. Number of Overtime Hours Not Recorded: ________________

2c. Week/Date in which Overtime was recorded: ________________

---

3a. Week/Date Overtime Worked: ________________

3b. Number of Overtime Hours Not Recorded: ________________

3c. Week/Date in which Overtime was recorded: ________________

---

(Continue on another sheet of paper as necessary.)

If any of the numbers you give for Overtime or Rolled-Over Hours are based on estimates, please write out below, to the best of your knowledge, which dates and numbers are estimates, and describe how you arrived at those estimates. Please use the back of the Payroll Summary for your description. If you need additional space, use a separate sheet of paper clearly labeled with your name and SSN at the top of each additional page.

12

Def. Ex. 12

Lawler, Richard

OCT 1 3 2006

# CLAIM FORM

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**WASHINGTON D.C.**
**KENT CHRISTOFFERSON, et al., vs. THE UNITED STATES (No. 01-495C)**

Please print clearly in dark ink.

1. Richard J Lawler — Name (First, Middle, Last)    [redacted] Social Security Number

2. Po Box 8 — Street Address    Apartment Number

   Arizona City — City    AZ — State    85223 — Zip Code

3. Do you wish to continue with your claim against the federal government for unpaid overtime?

   __YES    X NO ← does want to continue per phone 11/16/06

   If "Yes," please complete this Claim Form and provide estimates of your overtime on the Payroll Summary. If "No," you do not need to complete the rest of this Claim Form. Please return this form and the Payroll Summary to our offices at the address provided. A "No" means you no longer wish to be a participant in this lawsuit.

4. RHLAWLER @ LOCALNET . COM — E-mail Address (if any)

5. ______ Work Phone Number    ______ Best Times to Call

6. 520 466 9845 — Home Phone Number    ______ Best Times to Call

7. ______ Cell Phone Number    ______ Best Times to Call

8. ______ Phone Number of Relative or Other Contacts (Optional)

9. Please list any other names used while employed by the U.S. Census Bureau in the year 2000.

   ______    ______

10. While working for the Census Bureau in 2000, did you ever work more than 40 hours in a work week (Sunday through Saturday)? You should include as work time the time you spent traveling to and from your home, time spent on work-related activities at your home, and lunch or dinner breaks if you worked during those breaks.
___ Yes ___ No

11. Review the Payroll Summary produced from the Census Bureau payroll records which show the days you worked and hours you submitted in 2000. What is your best estimate of which weeks you worked MORE THAN 40 hours (40+) per work week, and how many hours of overtime you worked each of those 40+ hour weeks?

There are spaces on the right hand side of the Payroll Summary where you should indicate how much overtime you believe you worked. Please include on the Payroll Summary overtime hours that you claim to have worked in the following decennial field positions only: Enumerator, Crew Leader Assistant, Crew Leader, Field Operations Supervisor Assistant, Field Operations Supervisor, and Special Places Operation Supervisor.

**Example:** Assume you worked 50 hours in the first week of May and 20 hours in the second week of May. Because you were not permitted to record more than 40 hours in a week, you only recorded 40 hours for the first week of May and did not submit any overtime worked. Therefore, you would indicate your estimate of overtime as follows:

| PAY PERIOD END DATE | TYPE | PAYROLL DATA SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE UNPAID OVERTIME* |
|---|---|---|---|---|---|---|---|---|---|---|
| 05-06-2000 | REG | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | |
| 05-06-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-06-2000 | TOTAL | 0.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 40.00 | 10 HRS |
| 05-13-2000 | REG | 4.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | |
| 05-13-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 05-13-2000 | TOTAL | 4.00 | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | ________ |

12. If you "banked," "rolled," or "carried over" any overtime you worked, add those also to the Payroll Summary, in the space indicated. "Rolled-over," "banked" or "carried-over" hours refer to overtime hours you worked in one week, but were not able to record because doing so would exceed 40 hours in one week. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime. You may be entitled to some recovery even if you rolled over your overtime hours.

13. Are any of the numbers you wrote on the Payroll Summary based on an estimate?
___ Yes ___ No

14. If any of your numbers are based on estimates, please identify on the Payroll Summary, where indicated, which numbers are estimates and describe how you arrived at those estimates.

15. If you have any documents, which existed in 2000, that may tend to show that you worked the overtime claimed (e.g. datebooks, calendar entries), attach copies of the documents to this claim form. If you provide documents, send copies only. No originals should be provided as your documents will not be returned to you. *Note that documentary proof is not required to make a claim.*

16. Do you believe your supervisor knew or had reason to know that you worked overtime prior to your working the overtime?
___ Yes ___ No

17. If you answered yes to Question 16, explain why you believe your supervisor knew or had reason to know that you worked overtime prior to your working the overtime. (Please refer to pages 2 and 3, **"What is Overtime?"** for examples of how your supervisor knew or should have known about your working overtime.)

If you need additional space to respond to any of the above questions, use a separate sheet of paper. Clearly print your name and SSN at the top of each additional page, and indicate the question number.

Certification: I swear or affirm under penalty of perjury that the above statements are true to the best of my knowledge and belief.

Date: 10/4/06 Signature: Richard Lawler

Print Name: RICHARD LAWLER

**You Must Complete, Sign and Return this Claim Form and the enclosed Payroll Summary by mail postmarked no later than SEPTEMBER 29, 2006.**

If you wish to confirm our receipt of this form, we strongly recommend that you send it via Registered Mail/Return Receipt requested. To obtain a Registered Mail/Return Receipt form, please visit your local post office or go to: www.usps.com.
**You must keep a copy of completed forms for your records.**

ID: 3776

Richard J Lawler
PO BOX 8
ARIZONA CITY, AZ 85223-0008

SSN : [redacted]

**PAYROLL SUMMARY**



NAME : Lawler,Richard J

| CHANGEDATE | LOCAL CENSUS OFFICE NAME | POSITION |
|---|---|---|
| 03-06-2000 | Tucson (rural) | Enumerator |

Hours Worked During 1/1/2000 - 11/30/2000

* Overtime can only be claimed if you worked more than 40 hours total during a work week (Sunday through Saturday). "Work time" includes travel time to and from your home, time you spent at home making work-related calls or on other work activities, and time you worked during a lunch or dinner break.

| PAY PERIOD END DATE | PAYROLL DATA TYPE | SUN | MON | TUE | WED | THU | FRI | SAT | TOTAL | ESTIMATE OVERTIME WORKED* |
|---|---|---|---|---|---|---|---|---|---|---|
| 03-11-2000 | REG | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 | |
| 03-11-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 03-11-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 03-11-2000 | TOTAL | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8.00 | |
| 06-17-2000 | REG | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-17-2000 | TRAIN | 1.50 | 8.00 | 8.00 | 8.00 | 8.00 | 6.50 | 0.00 | 40.00 | |
| 06-17-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.50 | 0.00 | 1.50 | |
| 06-17-2000 | TOTAL | 1.50 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 41.50 | |
| 06-24-2000 | REG | 4.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 4.00 | 40.00 | |
| 06-24-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-24-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06-24-2000 | TOTAL | 4.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 4.00 | 40.00 | 2,00 OT |
| 07-01-2000 | REG | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 0.00 | 40.00 | |
| 07-01-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-01-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-01-2000 | TOTAL | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 0.00 | 0.00 | 40.00 | 2.00 OT |
| 07-08-2000 | REG | 0.00 | 8.00 | 5.50 | 7.00 | 0.00 | 0.00 | 0.00 | 20.50 | |
| 07-08-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-08-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-08-2000 | TOTAL | 0.00 | 8.00 | 5.50 | 7.00 | 0.00 | 0.00 | 0.00 | 20.50 | |
| 07-15-2000 | REG | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 0.00 | 0.00 | 4.00 | |
| 07-15-2000 | TRAIN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-15-2000 | OT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07-15-2000 | TOTAL | 0.00 | 0.00 | 0.00 | 0.00 | 4.00 | 0.00 | 0.00 | 4.00 | |

ROLLED-OVER OVERTIME HOURS:

"Rolled," "banked" or "carried over" hours refer to overtime hours that you worked in one week, but were not able to record on the day that you actually worked them, and, therefore, you recorded them on a later date. Some census employees were told to "roll" or "carry" over their overtime hours to later weeks in which they worked less than 40 hours and therefore were already partially paid for their overtime.

If you DID NOT roll over any overtime hours, leave this section blank.

SSN : [redacted]

**PAYROLL SUMMARY**



If you "banked," "rolled" or "carried over" any of the overtime you have claimed above, in the spaces below, give your best estimate of the dates on which you actually worked those hours and also the dates on which you recorded those hours on your pay form.

Example: Assume you worked 50 hours in the first week of May. Because you were not permitted to record more than 40 hours in a week, you recorded only 40 for that week and then kept track of the 10 additional hours. Assume you worked only 20 hours in the second week of May. Instead of recording 20 hours for that week, you recorded 30 (the 20 actually worked that week, plus the 10 carried over from the first week). In that example, your answer to this Question would be: "Rolled 10 hours from the first week of May to the second week of May."

If you are not sure of exact dates, you may estimate. For example, "Rolled about 20 hours in May to June."

1a. Week/Date Overtime Worked: ________________

1b. Number of Overtime Hours Not Recorded: ________________

1c. Week/Date in which Overtime was recorded: ________________

---

2a. Week/Date Overtime Worked: ________________

2b. Number of Overtime Hours Not Recorded: ________________

2c. Week/Date in which Overtime was recorded: ________________

---

3a. Week/Date Overtime Worked: ________________

3b. Number of Overtime Hours Not Recorded: ________________

3c. Week/Date in which Overtime was recorded: ________________

---

(Continue on another sheet of paper as necessary.)

If any of the numbers you give for Overtime or Rolled-Over Hours are based on estimates, please write out below, to the best of your knowledge, which dates and numbers are estimates, and describe how you arrived at those estimates. Please use the back of the Payroll Summary for your description. If you need additional space, use a separate sheet of paper clearly labeled with your name and SSN at the top of each additional page.

Do Not have records

Def. Ex. 13

MINAMI TAMAKI LLP
Attorneys at Law

Bethany Caracuzzo
Associate
Phone: 415-788-9000 x126
Email: bcaracuzzo@MinamiTamaki.com

April 22, 2008

VIA E-MAIL and FEDERAL EXPRESS

Steven J. Gillingham, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
2nd Floor, Todd Building
Washington D.C. 20005

RE: *Christofferson v. U.S. Department of Commerce*, U.S. Court of Federal Claims, No. 01-495C

Dear Mr. Gillingham:

I am working with Jack Lee on the above-entitled matter. This letter serves to respond to your correspondence of March 24, 2008 wherein you request our attorneys' notes on conversations we have had with our clients over the telephone ("telephone call logs"). This also responds to your April 14, 2008 letter where you clarified the issues you had with our production and gave examples. However, we decline to provide these notes on the basis of attorney-client privilege and work product privilege for the reasons set forth below.

The Court agrees that the attorney notes of telephone calls are privileged:

Under California law, once it is determined that a communication was made in "the course of the lawyer-client" relationship, "the communication is presumed to have been made in confidence..." (*Barton*, *infra*, at 1110.) Here, telephone calls between Plaintiffs and their counsel, wherein plaintiffs' claims were discussed, clearly constitute a communication made in the course of the attorney-client relationship.

The Court agrees. In its October 19, 2007 Opinion, the Court expressly noted that Plaintiffs' counsel's notes from telephone conversations would be privileged and not discoverable:

> "[D]efendant does not seek counsel's notes from conversations with clients, communications defendant recognizes as privileged. Rather, defendant seeks the answers to a jointly drafted questionnaire." Opinion at 10 (emphasis added). See also Opinion at 12.

The Court based its decision to release the questionnaires to Defendants solely because, in the Court's opinion, the plaintiffs understood when they were completing the questionnaire that the questionnaire would be shared with defense for purposes of settlement. Opinion at 9.

No such argument can be made about conversations a client has with his or her attorney, or for the attorney's notes of that conversation. Judge Bruggink expressly noted that "[c]ommunications from clients seeking legal advice are privileged "to encourage frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." Opinion at 8, citing to *Upjohn Co. v. United States*. (1981) 449 US 383, 389.

<u>The Work Product Privilege applies:</u>

Any notes that attorneys and law clerks made of those communications, or of their analyses, is also clearly protected as work product. An "attorney's memory, notes and impressions of oral statements of witnesses interviewed in the course of preparing for litigation are . . . opinion work product which merits special protection. (*Sparton Corp. v. United States*, 44 Fed.Cl. 557, 564 (1999) citing *Upjohn*, 449 U.S. at 400-01). The work product doctrine protects materials that reveal an attorney's inferences drawn from interviews. (FRCP 26(b)(3); *Hickman v. Taylor* (1947) 329 U.S. 495, 511.) Here, the information in the call notes and database are not verbatim quotes of what Plaintiffs said to Plaintiffs' attorneys and law school graduates.[1] The phone calls were not recorded and no transcripts were prepared. Instead, the attorneys and law school graduates asked appropriate analytical questions, and applied their own analysis, based upon their experience and expertise within the legal field, and this case, in writing the information down into the call notes and database.

[1] Judge Bruggink held that the "complete, verbatim answers" to the questionnaires were not privileged. It follows that he understands that attorneys' notes that do not reflect verbatim responses are privileged and, therefore, not discoverable.

<u>Most importantly, Defendant already has ALL of this information:</u>

Rule 26(b)(3) of the Court of Federal Claims does provide an exception and allows discovery of some work product only if the party seeking discovery can show substantial need and cannot, without undue hardship, obtain the substantial equivalent of the materials by other means. Here, Defendant has been provided with all of this information by other means. As such, Defendant cannot show undue hardship and is not entitled to discover privileged communication.

In your letter, you claim that when Defendant was provided with copies of the questionnaires, you found "matters missing – including those replaced by the notations 'See telephone log.'" (Letter at 2.) After obtaining the original questionnaires and the database, Defendant now claims that it needs to know what information was gleaned from telephone conversations between plaintiffs and their counsel. All facts pertaining to the questionnaires are in the in the database, *including factual information obtained via attorney-client conversations*. As such, Defendant has this information. If Defendant wants to determine what factual information was divulged during these conversations, Defendant merely needs to note what information is in the database that is not included in the questionnaire. No necessary information is missing.

Defendant has not been denied any factual information, and has not suffered any undue hardship. Set forth below are the procedures we used in order to clarify for you that nothing factual necessary to any plaintiff's claim have been kept from Defendant.

- <u>The Process</u>

As Plaintiffs have previously explained, hundreds of plaintiffs called Minami Tamaki for assistance with completing their questionnaires. When a plaintiff called for assistance in completing the questionnaire (as they were encouraged to do within the questionnaire), or if my firm called a plaintiff regarding incomplete or unclear questionnaires, the attorney would take notes during the conversation in our telephone call log. These notes included the questions the attorneys asked Plaintiffs and the Plaintiffs' answers. Although clients discussed factual information regarding their claims, Minami Tamaki did not record, verbatim, any plaintiff's answers. You set forth in your April 14, 2008 letter that, "there is no explanation provided for plaintiff's failure to respond [on the questionnaire] under penalty of perjury." (At p. 2) Please understand, as simple as *you* may think the form was, numerous clients experienced difficulty in completing their questionnaires and needed to discuss their claims with their attorney. You can imagine the difficulty clients had with remembering exact minutes that they worked during a 6-month period over 7 years

ago. Furthermore, clients got confused or discouraged when they had to attest to something under oath without first speaking to their attorneys about it. Discussing their responses with their attorneys is something they are entitled to do under the law, and something the questionnaire itself contemplated and encouraged. Defendant has set forth no authority otherwise.

Furthermore, the answers they provided were not always concise. Their answers to our questions were often long and almost always not entirely to the point. In some situations Plaintiffs would complain about the long hours they worked while they were employed by the Census, how they were denied overtime pay, and about the personnel shortage because so many employees quit their jobs during the 2000 Census. Plaintiffs' counsel would have to then follow-up and question the client appropriately to gain an understanding of what the client was trying to communicate.

For example, your letter discussed Ms. Carol Siemons' claim form. (Letter at 2). Ms. Siemons is a typical example of someone who was confused by the process and overwhelmed at having to explain her hours without assistance of counsel. She expressed her confusion and the difficulty she was having in an attachment to her completed claim form, both of which were provided to Defendant. Ms. Siemons sent this document to her attorneys, hoping that her lengthy response would clarify her responses to the questionnaire. Upon receiving this addendum, Minami Tamaki attorneys or law school graduates spoke to Ms. Siemons to help her understand the question and clarify her response. Your letter states "there is no indication of how these hours were determined," but Ms. Siemons' own attachment shows how these hours were determined.

Re. Ms. Shunell Kiper, our attorneys/law school graduates had a very long conversation with Ms. Kiper. In our database we expressly noted that she came up with her estimates by adding lunch breaks and/or travel times. It is clear that Ms. Kiper did not fully understand the question, or needed attorney assistance in interpreting it and helping her understand how she was to estimate her time.

The scenario was very similar for Mr. Steve Graham, Ms. McAfee and Mr. Robert Maxwell. These people had specific memories of events, but did not always understand how to place them as single word answers or even to select a multiple choice answer. These clients, like most people, had never had to fill out a questionnaire before that had legal consequences, and so to err on the side of caution, would leave information blank until they spoke with their attorneys.

Ms. Siemons' claim is an examplar of many claim forms that we received and completed. However, all of the necessary information gleaned from our interviews is indicated in the database.

- <u>The Database:</u>

When a questionnaire arrived at our office, we would review it and any attachments, such as D-308 Daily Pay and Work Records or D-444 Earning Statements. The database already contained the plaintiff's name and social security number, as well as the Local Census Office Code and Name, plaintiff's position, and regular, training, overtime, and total hours paid for every recorded week worked. This information was obtained from the Census Bureau itself. The following from the questionnaire was entered into the database:

1. Whether the plaintiff declined to continue pursuing his claim. If this was the case, data entry stopped at this point.
2. Answer to Question 16, whether the class member's supervisor knew that the employee was working overtime prior to his working overtime.
3. Answer to Question 17, explanation of answer to Question 16:
   - (16a) I told/complained to my Supervisor that I worked OT;
   - (16b) I saw others denied OT so did not claim myself;
   - (16c) Supervisor asked me to work overtime;
   - (16d) Supervisor told me to work until job complete;
   - (16e) Supervisor rejected my timesheet with OT;
   - (16f) Supervisor told me to rollover OT hrs;
   - (16g) Supervisor worked alongside me;
   - (16h) Supervisor saw me early am and late at night; and
   - (16i) Supervisor denied travel time.
4. Plaintiff's claim for the given week:
   Regular Hours Claimed;
   Rollover Hours Claimed; and/or
   Overtime Hours Claimed.
5. Question 13, whether the claim was an estimate.
   - (13a) Whether the claim was based on memory.
   - (13b) Whether the claim was based on contemporary records or documents.
   - (13c) Whether the claim was based on added lunch breaks, breaks, and/or travel time; and/or
   - (13d) Whether documents supporting the claim were attached.
6. Whether the Claim Form was signed under penalty of perjury.

Every question in the Claim Form has a corresponding field in the database for every week any given plaintiff worked for the Census Bureau in 2000.

Any factual information submitted on behalf of the plaintiff was either (1) written by the plaintiff on his questionnaire and then entered into the database or (2) directly entered into the database by the attorney or Law Clerk processing the questionnaire, including factual information relevant to the questionnaire gleaned from attorney-client communications. Any information that is "missing" from a plaintiff's questionnaire is in his or her database entry, as contemplated by the MOU: the main purpose of the database was to "record all relevant information contained in the questionnaire." MOU, at ¶ 6.

Given all of the above, our internal processes, and the information contained on the database, it is unclear what you consider to be missing. Plaintiffs only entered claims with complete factual information. Defendant has been provided with copies of the questionnaires, the database, and our privilege log.

<u>Defendant can obtain the alleged "missing" information from depositions and avoid delay:</u>

Defendant's unfounded objections are causing unnecessary delay. As set forth above, Rule 26(b)(3) provides an exception to the privilege only if you can show that you cannot obtain the substantial equivalent of the information by other means. The MOU contemplated a process by which you could the needed information, if you felt you had not already received it, via a deposition of that responding Plaintiff. See MOU at ¶ 8. Should you feel you do not have information given any individual plaintiff's claim, you can depose him or her. Defendant has failed to exhaust these "other means," e.g. depositions.

<u>It is not improper for a Plaintiff to amend or add to his/her answer after the questionnaire was first submitted:</u>

In your April 14th letter you take issue with the fact that a plaintiff first submitted a questionnaire that may have lacked information, but provided more information later, as if that was legally improper or improper under the MOU. It is not, and you have cited no authority otherwise. Judge Bruggink did not find that a Plaintiff could not add information after submitting their questionnaire to their attorney. Just because they signed the original questionnaire "under penalty of perjury" when they submitted it does not mean they cannot ever change, or add to, their responses, especially if their original response was given under confusion. This is similar to complaints, answers to interrogatories, and even deposition testimony. People frequently add information later, or, upon clarification of the questions, change or amend their answers. There is nothing unlawful or improper about that.

These are laypeople doing the best job they can to answer a questionnaire with legal conclusions framed by and for lawyers.

<u>Plaintiffs anticipate communications with their counsel are protected and did not waive their privileges:</u>

The Court, in permitting the discovery of the Plaintiffs' original questionnaires noted that the questionnaires were intended to be prepared for settlement and it was anticipated by the plaintiffs that their questionnaires would be viewed by the Defense. In fact, in *Barton v. U.S. Dist. Court for Central Dist. of Cal.* (2005) 410 F.3d 1004, the Court did <u>not</u> permit the discovery of the claimant questionnaires on the basis of attorney-client privilege, even though the questionnaires were merely an intake form for potential cases arising out of the ingestion of Paxil. The *Barton* Court focused on the expectations of the clients when they made the communications: "[m]ore important than what the law firm intended is what the clients thought." (Id. at 1107.) "It is their privilege, not any right of the lawyers, that is at stake." (Id. at 1110; see also *Gates v. Rohm & Haas Co.* 2006 WL 3420591: questionnaires held to be privileged; *Bauman v. Jacobs Suchard, Inc.* 136 F.R.D. 460 (N.D. Ill 1990): EEOC letter and questionnaire held to be privileged; *Connelly v. Dun & Bradstreet*, 96 FRD 339 (D. Mass 1982): information gathered from customers by an attorney appointed to protect their legal interests in a bankruptcy proceeding was deemed privileged because the customers regarded the representative as their lawyer. At 342.)

In fact, the MOU did not indicate to either Plaintiffs or their counsel that the questionnaires would be shared with Defendant. (MOU at 6). While I understand the Court has determined that the questionnaires are discoverable here, and we have turned them over, Plaintiffs did not, in any way, waive their claims of privilege or work product in their attorney-client telephone calls or attorney notes: the MOU expressly states that "communications between plaintiffs and the TPA will not be considered a waiver of any applicable attorney-client privilege or work product privilege." (Id.) While Plaintiffs did not end up using a third party administrator ("TPA"), they had clearly demonstrated that they did not intend to waive their privileges in any way. Since no third party was used, and Plaintiffs merely communicated with their counsel, there is no basis to claim that Plaintiffs' counsel never asserted the privilege, or that any of the Plaintiffs themselves ever waived it.

<u>Producing the call logs would be burdensome and would not provide any new information:</u>

Not only is requesting our telephone call logs antithetical to attorney-client privilege and the work product doctrine, the logs would not give Defendant any new information. Instead, it would only require us to review over a thousand pages of

attorney notes to redact confidential attorney notes, even though you already have all the factual information necessary for evaluating the claims.

I will address the other issues raised in your April 14, 2008 correspondence in a separate letter.

I would like to discuss the matters set forth in this letter with you, but should we not reach an agreement regarding the telephone logs, I suggest we schedule a status conference with the Court to resolve this issue. I understand that you will be unavailable for a period of time due to military service, but perhaps we can schedule one during your leave? Please contact Mr. Lee upon your receipt of this letter.

Sincerely,

Bethany Caracuzzo
Attorney for Plaintiffs

Def. Ex. 14

Jack W. Lee
Partner
Phone: 415-788-9000 x130
Email: jlee@minamitamaki.com

February 13, 2008

**VIA E-MAIL**

Steven J. Gillingham, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
2nd Floor, Todd Building
Washington D.C. 20005

RE: *Christofferson v. U.S. Department of Commerce*, U.S. Court of Federal Claims, No. 01-495C

Dear Mr. Gillingham:

Enclosed as Exhibit A is a privilege log of all clients with whom Plaintiffs' counsel spoke to regarding their claims in the time period from August 2, 2006-February 20, 2007. We contend that each of these conversations fall under the attorney-client communications privilege as well as the work product privilege. This log is our effort to capture all client communications during the specific period of time when claim forms were being completed.

Plaintiffs' counsel mailed the Claim Packets to plaintiffs on August 1, 2006 and began receiving telephone calls from plaintiffs with questions the next day. I instructed all attorneys and staff to log all calls into a document known as the "Call Log." Plaintiffs' counsel also contacted claimants regarding blank, unclear or incomplete answers to the questions posed in the Claim Form. These calls were also logged into the Call Log. The Call Log contains notes reflecting conversations with our clients, which we believe are protected by the attorney-client privilege and the work product doctrine.

On February 20, 2007, Plaintiffs' counsel twice attempted to e-mail Defense counsel a Microsoft Excel database containing data for 1,995 plaintiffs who completed and returned Claim Forms. As these attempts were unsuccessful, Plaintiff's counsel sent a CD containing the database file to defense counsel by Federal Express on February 21, 2007. Thus, the attached Privilege Log encompasses all conversations held between Plaintiffs' counsel and plaintiffs from August 2, 2006, the day after Plaintiffs' counsel mailed out the Claim Packets, to February 20, 2007, the day the database was virtually complete and Plaintiffs attempted to send it to Defense counsel.

The attached log lists 3,915 names on 77 pages. Some of these names are repeated, as Plaintiffs' counsel spoke to the individual in question multiple times or left multiple messages. However, even if a name is only listed once, Plaintiffs' counsel possibly spoke to the claimant more than once. If, for example, multiple calls occurred on the same day, Plaintiffs' counsel would often record information from all the calls in a single entry on the Call Log.

Not all of the individuals listed opted in or remain in the lawsuit. Plaintiffs' counsel received calls from former Census field employees who opted into the lawsuit too late. Others may have opted in, but may not have returned a Claim Form or declined to continue participation in the lawsuit for some reason. Still others may have been ineligible for further participation based on the court's rulings.

Should you have any questions about this privilege log, please contact me.

Sincerely,



Jack W. Lee
Attorney for Plaintiffs

Enclosure

Owner: eller002.POL.ADNET.HQ.CENSUS
Job Name: Privilege Log 08.02.06-02.20.0
Submitted: 7-07-08 11:11:22 am

www.novell.com/iPrint

**Exhibit A: Privilege Log of Attorney-Client Notes and Work Product**
*August 2, 2006 - February 20, 2007*

| Last Name | First Name |
|---|---|
| (plaintiff has no last name) | Stefen |
| (plaintiff has no last name) | Stefen |
| Abernathy | Judith |
| Abernathy | Judith |
| Abernathy | Suzanne |
| Accola | Judy |
| Accola | Judy |
| Acosta | Bernett |
| Acosta | Emma |
| Adams | Annie |
| Adams | Karen |
| Adams | Karen |
| Adams | Karen |
| Adams | Karen |
| Addo | Prince |
| Adedimeji | Adewale |
| Afek | Dina |
| Agellon | Susan |
| Agron | Brad |
| Aguero | Emilio |
| Aguilar | Esther |
| Aguirre | Alvaro |
| Akins | Janice |
| Akins | Janice |
| Akins | Janice |
| Akins | Janice |
| Aldridge | Freda |
| Aleem | Saleem |
| Aleem | Saleem |
| Aleem | Saleem |
| Alexander | Victor |
| Alfano | Pamela |
| Ali | Saleema |
| Allen | Angenetta |
| Allen | Angenetta |
| Allen | Nettie |
| Allen | Robert |
| Altamarano | Arnola |
| Altamirano | Arnold |
| Altamirano | Arnold |
| Altamirano | Arnold |
| Alvarado | Rod |
| Alvarado | Rod |
| Alvarado | Rod |
| Alvarado | Rod |
| Alvarez | Christine |
| Alvarez | Josefina |
| Alvarez | Josephina |
| Alverson | Susan |
| Amaro | Brenda |
| Amaya | Lois |



14-4

**Exhibit A: Privilege Log of Attorney-Client Notes and Work Product**
*August 2, 2006 - February 20, 2007*

| | |
|---|---|
| Amaya | Lois |
| Amerson | Vincent |
| Amerson | Vincent |
| Amos | Mary |
| Amos | Mary |
| Anast | John |
| Anast | John |
| Anaya | Omar |
| Anderson | Henrietta |
| Anderson | Henrietta |
| Anderson | Henrietta |
| Anderson | Holly |
| Anderson | Holly |
| Anderson | Holly |
| Anderson | Kathleen |
| Anderson | Kathleen |
| Anderson | La Shawn |
| Anderson | LaSharn |
| Anderson | LaSwarn |
| Anderson | Le Sharn |
| Anderson | Tira |
| Anderson. | Frederick |
| Andrade | Bibiana |
| Andrews | Eunice |
| Andrews | Mark |
| Andrews | Paul |
| Andrews | Paul |
| Antes | Jayne |
| Anthony | Wren |
| Anthony | Wren |
| Anthony | Wren |
| Antomattei | Rosa |
| Antreasyan | Hrant |
| Antreasyan | Hrant |
| Araujo | Yolanda |
| Arellano | Janet |
| Arellano | Victor |
| Arellano | Victor |
| Arias | Katherine |
| Armstrong | Riley |
| Armstrong | Riley |
| Armstrong | Riley |
| Armstrong | Susan |
| Armstrong | Susan |
| Armwood | Hope |
| Arnson | Elizabeth |
| Arnson | Elizabeth |
| Arnson | Elizabeth |
| Arrieta | Santiago |
| Atkin | Tenisha |
| Atkin | Tenisha |
| Atkins | Tenisha |

**Exhibit A: Privilege Log of Attorney-Client Notes and Work Product**
*August 2, 2006 - February 20, 2007*

| | |
|---|---|
| Atrashteh | Sherrian |
| Aubrey | Phyllis |
| Auguste | Harry |
| Auguste | Harry |
| Augustine | Ajayi |
| Auh | Yoo Tae |
| Austin | Corliss |
| Austin | Corliss |
| Austin | Horace |
| Austin | Robyn |
| Avalos | Carlos |
| Avalos | Carlos |
| Aversano | Mary |
| Avila-Hunter | Suzanne |
| Axline | Robyn |
| Axline | Robyn |
| Aybar | Mary |
| Aziz | Illahna |
| Azpeitia | Ana |
| Azuma | Jane |
| Baden | Mary |
| Baden | Mary Kay |
| Baden | Mary Kay |
| Bafoff | Shari |
| Bahena | Elena |
| Bailous | Michael |
| Bailous | Michael |
| Bailous | Michael |
| Bailous | Michael |
| Baker | Christine |
| Baker | Edgar |
| Baker | Sandra |
| Baker | Sandra |
| Baker | Sandra |
| Baker | Sandra |
| Baker | Sandra |
| Baker | Verleen |
| Baker Stallings | Shontinia |
| Banks | Diana |
| Baptist | Marie Jean |
| Barba-Finocchi | Constantine |
| Barclay | Tanelya |
| Barclay | Tanelya |
| Barco | Joan |
| Barker | Christopher |
| Barker Morales | Betty |
| Barker Morales | Betty |
| Barley | Curtis Michael |
| Barlow | Gerald |
| Barnes | Alvena |
| Barnes | Alvena |
| Baron | Jerry |