**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| KENT CHRISTOFFERSON, et al., Plaintiffs v. UNITED STATES OF AMERICA, Defendant. | Case N. 01-495C<br>Senior Judge Eric G. Bruggink<br>**Declaration of John Ota in support of Plaintiffs' Brief Pursuant to Court's July 1, 2008 Order** |

Pursuant to the Rules of the U.S. Court of Federal Claims, I, John Ota, declare as follows:

1. I am an associate of the attorney of record for the Plaintiffs in the above-captioned civil action, and an associate with the law firm of Minami Tamaki LLP. I have been involved in the Christofferson case with partner Jack W. Lee while at Minami Tamaki. I have personal knowledge of the following facts and can testify regarding these facts if called to do so:

2. Attached as Exhibit A hereto is a true and correct copy of the "Notice of Claims Procedure" in this action. This Notice was sent to all of the Plaintiffs who had opted-in. It is my understanding Defense counsel approved the Notice before it was sent out.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this 23rd day of July, 2008 in San Francisco, California.

John Ota
Attorney for the Plaintiffs

# EXHIBIT A

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# WASHINGTON D.C.
# KENT CHRISTOFFERSON, et al., vs. THE UNITED STATES (No. 01-495C)

## NOTICE OF CLAIMS PROCEDURE

**Why Are You Receiving this Notice?** You are part of a group of people ("Plaintiffs") who filed a claim that you are owed money for unpaid overtime work you performed as a U.S. Census Bureau employee in the Year 2000. This Notice explains this lawsuit, the settlement process for this lawsuit and what you must do to continue your claim for unpaid overtime pay.

This Notice has been agreed to by the parties and is being sent to you by MINAMI, LEW & TAMAKI LLP, the San Francisco law firm representing the Plaintiffs, to determine if you may be eligible to receive any money from this settlement for money damages. It is important that you follow these instructions carefully or you may lose any benefits to which you might be otherwise entitled.

*You must complete, sign and return the Claim Form and Payroll Summary by mail with a postmark no later than* ***SEPTEMBER 29, 2006****. If the completed, signed Claim Form and Payroll Summary are not returned in time, your claim will be rejected and you will lose all rights to receive any money from this settlement. Mail the completed forms in the enclosed envelope to:*

MINAMI, LEW & TAMAKI LLP
Census Lawsuit
360 Post St., Eighth Floor
San Francisco, CA 94108

Returning the completed forms on time does not guarantee that you will be paid any particular amount of money. It does mean that these forms will be reviewed to determine whether you will be paid any overtime pay and, if so, how much.

**What If I Have Questions?** If you have questions about completing the Claim Form, please contact this law firm, at the above address, by calling our toll-free number, **1-888-528-9707**, e-mailing us at **census@mltsf.com**, or going to the website: **www.censusclassaction.com** ("Frequently Asked Questions").

Please do not call the Court, the U.S. Census Bureau or any Department of Justice attorneys for assistance. As your attorneys, our conversations with you are confidential and protected by the attorney-client privilege. However, any communications you have with persons outside this law firm about your claim are not confidential.

You are responsible for keeping us informed of any changes of names, addresses or phone numbers. If you fail to update us on any changes in your contact information, you may lose your right to participate in this lawsuit.

**What is this Lawsuit About?** This case, filed in August 2001, alleges that certain Census employees (Enumerators, Crew Leader Assistants, Crew Leaders, Field Operations Supervisor Assistants, Field Operations Supervisors, and Special Places Operation Supervisors) while conducting the 2000 Decennial Census were denied the opportunity to claim overtime or to be paid overtime, even though their supervisors knew, or had reason to know, of their overtime work prior to their working it. In this lawsuit, Plaintiffs now ask that they be paid the overtime pay they claim they should have been paid.

**How Will Your Claim Be Resolved?** The Court has approved a process for determining who may continue with this lawsuit and who is eligible to be paid for unpaid overtime. In general, you must: (1) review the information from census records contained in the attached Payroll Summary which indicates the days of work and the number of hours you recorded on timesheets you submitted for payment; (2) estimate or provide a calculation, to the best of your ability, of the overtime you worked as an Enumerator, Crew Leader Assistant, Crew Leader, Field Operations Supervisor Assistant, Field Operations Supervisor, or Special Places Operation Supervisor for the Census Bureau between January 1, 2000 and November 1, 2000; (3) affirm that your supervisor knew or should have known that you worked overtime prior to your working it; (4) complete the Claim Form and the Payroll Summary, to the best of your ability; (5) sign the Claim Form under penalty of perjury; and (6) return the Claim Form postmarked by the **SEPTEMBER 29, 2006**, deadline.

**What is Overtime?** The regulation defines overtime as "work performed by an employee for the benefit of an agency, whether requested or not, provided the employee's supervisor knows or has reason to believe that the work is being performed and has an opportunity to prevent the work from being performed." 5 C.F.R. § 551.104.

In summary, overtime is defined as work you performed:

(1) in excess of forty (40) hours per work week (Sunday through Saturday); and
(2) that your supervisor knew of or should have known you worked prior to your working it.

Overtime can only be earned if you worked more than 40 hours total during a work week (a period of 7 consecutive days from Sunday through Saturday).

**Example 1:** You worked 10 hours on Sunday, 10 hours on Monday and 15 hours on Tuesday (for a total of 35 hours). You have not worked overtime because you did not work more than 40 hours in one work week.
**Example 2:** You worked 10 hours on Tuesday, 10 hours on Wednesday, 10 hours on Thursday,

10 hours on Friday (for a total of 40 hours), and an additional 4 hours on Saturday. You can claim 4 hours of overtime (40 + 4).
**Example 3:** You worked 8 hours on Monday, 8 hours on Tuesday, 8 hours on Wednesday, 8 hours on Thursday, 8 hours on Friday (for a total of 40 hours), and an additional 8 hours on Saturday. You can claim 8 hours of overtime (40 + 8).

"Work time" includes travel time to and from your home, time you spent at home making work-related calls or on other work activities, and time you worked during a lunch or dinner break. If you claim overtime, your claim is subject to verification by U.S. Government officials.

Overtime is payable only if your supervisor "knew or should have known" you worked overtime. It is not necessary for your supervisor to state directly to you that he/she knows that you are working overtime to show knowledge. Examples of how your supervisor "knew or should have known" you worked overtime would include, but are not be limited to, the following situations: (1) where your supervisor asked you to record hours worked over 40 on the next week's time sheet (rolling over hours); (2) where your supervisor signed off on your weekly timesheets which already recorded 40 hours that week and advised you to work more hours to complete the job; (3) where your supervisor asked or ordered you to work overtime for which you have not been paid; (4) where you told your supervisor that you were or would be working overtime; and (5) where your supervisor worked overtime alongside you. This is not an exhaustive list of how your supervisor "knew or should have known."

**What Is The Process?**

**Step One**. First, you must complete and mail the Claim Form and Payroll Summary postmarked by the SEPTEMBER 29, 2006 due date. Respond to each item in the spaces to the best of your memory. If you need additional space to complete your response, use a separate piece of paper with your name, SSN, and the item number to which you are responding clearly indicated. Attach all additional pages to your Claim Form. To assist you in calculating any overtime worked, we have provided a Payroll Summary of your Census payroll records, indicating the days and hours for which you were paid. You should estimate the overtime you believe you worked directly on the printout of the Payroll Summary. We understand that it will be difficult to recall exact dates and hours of overtime after so many years, but, if you wish to receive compensation, you **must** make a reasonable good faith estimate. Your claim for overtime will not necessarily be disqualified if you cannot recall the exact days and/or amounts of overtime you worked. The Claim Form must be signed under penalty of perjury and must be returned by the date indicated. A good faith estimate of your overtime hours which later turns out to be in error is not perjury.

**Step Two**. A limited number of plaintiffs who complete Step One will be questioned under oath at a later date - either in person or over the telephone. The questioning will be conducted by the Department of Justice in a manner which will minimize any burden on you. You will be represented by this law firm during the questioning process.

**Step Three**. The Department of Justice and this law firm will attempt to agree on appropriate compensation based upon the Claim Form responses and the sworn oral statements of some claimants. We cannot provide you any estimates about what your compensation, if any, might be at this time. However, the Parties have agreed that Compensation will be based upon some analysis of the completed forms submitted. If the Department of Justice and this law firm cannot agree, the Court may be called upon to decide your claim for compensation.