# In the United States Court of Federal Claims

No. 01-495C

(Filed: September 17, 2010)

* * * * * * * * * * * * * * * * * * * *

KENT CHRISTOFFERSON, *et al.*,

       *Plaintiffs*,

v.

THE UNITED STATES,

       *Defendant.*

* * * * * * * * * * * * * * * * * * * *

_____

ORDER DIRECTING ENTRY OF JUDGMENT

_____

BRUGGINK, *Judge*.

    This action for unpaid overtime is before the court for review and approval of the parties' stipulation for the entry of judgment. The signed settlement was appended to the joint status report filed September 7, 2010, and is attached to this order as well.[1]

    This case was commenced in August 2001 by four named individuals on behalf of themselves and other former workers for the United States Bureau of the Census. The claim was for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (2006), and the Federal Employee Pay Act, 5 U.S.C. §§ 5541-50a (2006). Between 2001 and 2006, thousands of plaintiffs opted into the suit in a series of uncontested motions. Eventually, the statute of limitations effectively foreclosed the addition of any new plaintiffs. *See Christofferson v. United States*, 72 Fed. Cl. 541 (2005); *Christofferson v. United States*, 64 Fed. Cl. 316 (2006) ("*Christofferson I*").

---

[1] The list of eligible plaintiffs appended to the stipulation that is attached to this order is a corrected version of the list filed on September 7, 2010.

During the course of this litigation, the court has issued various orders and rulings affecting the eligibility of various groups of claimants. These orders disallowed the claims of some plaintiffs and permitted those of others. For example, the court granted summary judgment against the claims of employees who worked in excess of eight hours in a day, but not more than forty hours in a week. *Christofferson I*. In contrast, after a trial, the court concluded that Field Operations Supervisors at the Concord, California field office were entitled to claim overtime. *Christofferson v. United States*, 67 Fed. Cl. 68 (2005). Additionally, the court denied claims for tolling the statute of limitations, *Christofferson v. United States*, 72 Fed. Cl. 541 (2006), and denied the plaintiffs' motion to amend the complaint to permit recovery for "straight time" hours. *Christofferson v. United States,* 77 Fed. Cl. 361 (2007).

Through the parties' cooperative evaluation of the claims, dozens of individual plaintiffs have settled and received payment. In addition, this process developed agreed-upon efforts to obtain details of the nature and extent of the overtime claimed and has identified large numbers of persons who have not responded to such efforts. Specifically, in 2005–06, the parties developed a "Memorandum of Understanding," which set out a process by which claimants would submit claims forms allowing counsel to test a claimant's continuing interest in the litigation and to compare the claims with this court's orders limiting or allowing recovery. Of the more than 7,000 plaintiffs, more than 2,000 submitted claims forms.

On April 15, 2009, the court directed a final notice to be sent to those non-responding individuals instructing them that the failure to timely submit a completed claims form would result in the dismissal of their claims. Of those who received this final notice, only 529 persons responded indicating that they wished to proceed as part of the litigation. Subsequently, the parties entered into a mediation process and reached a tentative settlement. In an order dated March 8, 2010, we held that those entitled to participate in the settlement are the former employees of the United States Bureau of the Census who worked during the 2000 Census, who have opted into the proceeding by submitting timely claims sufficient under the court's prior rulings, and who have not previously settled or been dismissed. Those who do not meet these criteria are ineligible to recover.

In order to conclusively and fairly determine those claimants who are eligible to participate in the settlement, we ordered plaintiffs' attorney to distribute a "Notice of Ineligibility" to all the claimants who counsel had reason to believe were ineligible to recover. The Notice gave recipients the

opportunity to provide documentary evidence of their eligibility. Forty-three people objected, two of whom counsel determined were indeed eligible under prior court rulings. We subsequently directed plaintiffs' counsel to file with the court a list of those persons who were ineligible for any reason. On August 17, 2010, we ordered the dismissal of 5,275 plaintiffs designated as ineligible. On September 7, 2010, the parties filed with the court an executed stipulation for the entry of judgment for the court's review and approval.

Neither the Rules of the Court of Federal Claims, the FLSA, nor the FEPA mandate court review of a settlement leading to a stipulation for judgment. Various cases, however, suggest the wisdom of this step. *See, e.g., Hohnke v. United States*, 69 Fed. Cl. 170 (2005) (suggesting that settlements of FLSA cases should be reviewed by the court). The point of such review is to insure that an FLSA settlement resolves a bona fide factual dispute over hours worked or amount due and is not simply a waiver of the employees' rights and claims. *Id.* at 175 (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)). Such a bona fide dispute may be resolved through settlement if plaintiffs actually bring a lawsuit under the FLSA and the subsequent settlement is scrutinized by the court for fairness. *Id.* at 179 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982)).

Here, the factual and procedural background recited above, along with the multiple previously published decisions and a trial, make sufficiently clear the existence of a bona fide dispute. Furthermore, this settlement—reached after protracted litigation, extensive investigation, and arm's length negotiation—reflects a fair disposition of plaintiffs' claims. Having examined the terms of this settlement, we find it to be a just and equitable resolution to the remaining claims in this matter. We therefore conclude that the attached settlement agreement warrants approval. Because the settlement is "global" in nature, *i.e.* inclusive of distribution and administration costs and the extensive attorney's fees and costs incurred over nearly a decade of litigation, and because all plaintiffs ineligible to recover have previously been dismissed, there remain no further matters preventing the entry of judgment. Accordingly, the Clerk is hereby directed to enter judgment pursuant to the attached stipulation. No costs.

                                                s/Eric G. Bruggink
                                                ERIC G. BRUGGINK
                                                Judge